JOHN BERRY *versus* WILLIAM C. STINSON.

In a declaration upon a statute to recover a penalty of an officer for neglect of official duty, where there is no distinct allegation, that it is a plea of *debt* or of any other form of action, but there is an averment, that the defendant owes and unjustly detains the amount demanded, the declaration is sufficient, in that respect, on general demurrer.

In a declaration to recover a penalty for neglect of official duty, it is sufficient in substance, if the language of the declaration, in stating the neglect, is as full and decisive as that of the statute.

In an action against a town officer to recover a penalty, given by a statute for neglect of his official duty, where one section prescribes the duty to be performed, and another section provides for a variation or modification of that duty, and a third section imposes a penalty for neglect of the duty required by the two preceding sections, the declaration must not only allege the neglect of duty required by the first section, but must also aver, that such officer did not perform his duty as permitted by the second section, or the declaration will be bad on general dumurrer.

THE defendant demurred generally to the following declaration. " In a plea that to the said Berry the said Stinson render the sum of one hundred dollars, which the said Stinson owes and unjustly detains from the said Berry, for that the said Stinson, on the day of the purchase of this writ, being treasurer of said town for the year 1842, duly elected and qualified unto said office by the inhabitants of said town, did then and there neglect, and ever since his election and qualification unto the same office hath neglected, and still doth neglect to procure at the expense of said town (the same not having been already done by himself or his predecessors, or either of them) and constantly preserve as town standards a complete set of beams, weights, and copper and pewter measures, except the bushel measure, conformable to the State standards, and ex-

cepting also a nest of Troy weights other than those from the lowest denomination to the size of eight ounces, contrary to the form of the statute."

*J. S. Abbott,* for the defendant, said that no offence was set forth in the declaration, which subjected the defendant to a penalty.

To recover a penalty the statute, (c. 115, § 21,) requires, that the remedy should be an action of debt. Here no form of action is given.

The declaration does not allege, that the defendant unreasonably, or without sufficient cause, neglected this duty. The offence consists in that. Rev. Stat. c. 73, § 8, 9, 10, 11.

Nor does the declaration state, that the neglect was for an unreasonable time. The declaration does not show, that the defendant was not chosen the day preceding the time mentioned.

The defendant might have done every thing which the statute requires, and yet the declaration be true. The exception, or permission to substitute wooden for copper or pewter measures, in the ninth section, is not noticed. The declaration should have stated that this modified duty was not performed.

*Wells* and *Mason,* for the plaintiff, said, that an action of debt was set forth in the declaration; and that calling it by that name, is matter of form and not of substance. The statute relied on, does not say, that it shall be by a plea of debt, but by an action of debt. 2 Chitty's Pl. 466.

The declaration does aver that the defendant neglected his duty, and this is admitted by the demurrer. There could be no neglect of duty, if he had not had time to perform it. The law presumes that towns have done their duty, and elected their officers in March or April as the law requires.

The duty of the treasurer is prescribed in the eighth section of the statute, and the right to vary in some particulars as to the measures, and substitute wooden for copper or pewter measures, is given in another section. The rule is, that where the exception is in the enacting clause, the plaintiff must state, that the defendant is not within it; but that where it is in a

subsequent clause, it is matter of defence, and the plaintiff need not allege it. 1 Chitty's Pl. 229 ; *Smith* v. *Moore,* 6 Greenl. 278. But the necessity of this negative allegation exists only where the exemption, or exception, goes to do away the whole duty, and not where, as here, it goes to but one of several particulars to be performed.

The opinion of the Court was by

SHEPLEY J. — This case is presented on a general demurrer to the declaration.

The first defect alleged is, that it does not appear to be an action of debt as provided by the Statute, c. 115, § 21. It is said, there should be a distinct allegation, that it is a plea of debt. The declaration alleges, that the defendant " owes and unjustly detains" the amount demanded. These terms are sufficient to determine the kind of action ; and the form used is in substance, that required by the English precedents.

The second defect alleged is, that the declaration does not contain an averment, that the defendant unreasonably or without sufficient cause neglected to perform the duty required. It does allege, that from the time of his election and qualification, " he hath neglected and still doth neglect."

The provision of the statute is, " every treasurer neglecting his duty" shall forfeit and pay. And the language of the declaration is as full and decisive as that of the statute. A charge of continued neglect of duty implies blame, and excludes the idea, that there was sufficient reason for an omission to perform it.

In the third place it is contended, that all the allegations in the declaration may be true, and yet the defendant may not have been guilty of any neglect of the duties required by the statute. They are sufficient to show a neglect of the duty required by the eighth section of the statute, c. 73 ; but the ninth section so far varies that duty, as to permit the treasurer to procure half-bushel, peck, and half-peck, measures made of wood, instead of the like measures made of copper, or pewter, as required by the eighth section. As the declaration alleges,

that he neglected to procure "a complete set of beams and copper and pewter measures," except the bushel measure and the nest of troy weights; it might be true, if all the measures of copper and pewter with half-bushel, peck, and half-peck, measures made of wood had been provided, that there would not be a complete set of copper and pewter measures, required by the eighth section. To avoid this difficulty, the plaintiff contends, that as the liberty to procure those measures made of wood is given by the ninth section, he is not obliged to negative their procurement in the declaration, that being only a matter of excuse, which might be offered in the defence. The rule, as stated in the cases of *Williams* v. *The Hingham & Quincy turnpike*, 4 Pick. 341, and of *Smith* v. *Moore*, 6 Greenl. 274, is, "that where an action is given by statute, and in another section, or subsequent statute, exceptions are enacted, the plaintiff need not take notice of these exceptions in his count, but leave it to the defendant to set them up in defence. But where the exception or limitation is contained in the same section, which gives the right of action, the plaintiff must negative the application of them to his ground of action." Whatever failure there may be in attempts to prescribe a rule in all cases, there can be no doubt, that the plaintiff must in his declaration allege all the facts, upon which the statute gives him a right of action. Having done this, if there are any matters of exemption, or excuse, they may well come from the defendant. The plaintiff does not bring himself within the rule stated in those cases, for the section, upon which his declaration is framed, does not give him a right of action. The phraseology of the statute is peculiar. It does not give the right of action for a violation of the duty required by any one section alone, but for the violation of any duties required by three sections, the eighth, ninth, and tenth, considered in connexion. The eleventh section creates the penalty and gives the right of action, the provision being, that "every treasurer neglecting his duty required by the three preceding sections shall forfeit and pay for each neglect one hundred dollars." His right to recover that penalty must therefore depend upon a neglect of duty to be

ascertained not from the provisions contained in any one of them, but from those contained in them all. By "the enacting clause," or "by statute" as used in the books, is meant such an enacting clause or statute provision, as creates an offence and gives a penalty, when it is said, where an action is given by statute or by the enacting clause, and in another section, or subsequent statute, exceptions are enacted, the plaintiff need not notice them.

In this case the plaintiff is not entitled to recover upon the facts stated in his declaration, for the penalty is not incurred, except by a neglect shown from a consideration of the provisions of the three sections.

*Declaration adjudged bad.*