THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

J. H. FESLER.

*Filed at Springfield, May 8, 1893.*

1. INSURANCE—*action against agent of foreign company—averments of declaration.* A declaration in an action by the people of the State against one acting as agent for a foreign insurance company which has failed to comply with the laws of this State, is bad on demurrer if it rails to allege that the company for whom the defendant acted as agent was

a foreign insurance company. It is not sufficient to allege that he acted as the agent for "a company not organized or incorporated under the laws of" this State.

2. SAME—*penalty for acting as agent of foreign company—how incurred.* Under section 22 of the statute relating to insurance, a person can only be made liable for the penalty therein provided, by taking risks or acting for an insurance company, association, or partnership, incorporated or organized under the laws of any other State of the United States or any foreign government.

3. SAME—*fictitious company.* If a person should assume to act as agent for a fictitious company, having no existence whatever, and take risks or transact other business in its name, he would not be guilty of a violation of section 22 of the act of 1869, entitled : "An act to incorporate and to govern fire, marine and inland navigation insurance companies, doing business in the State of Illinois," though he might be prosecuted for so doing under the criminal code of the State.

4. PLEADING—*actions to recover a penalty—strictness required.* It is well settled that in actions to recover a penalty under a highly penal statute, the averments of the declaration must bring the case clearly within the prohibition, and that the provisions of the statute must be strictly construed. The declaration in such a case is to be construed most strongly against the pleader, and every fact necessary to constitute the offense for which the penalty is sought to be recovered must be distinctly averred, and no intendments will be allowed in favor of the prosecution.

APPEAL from the Circuit Court of Greene County; the Hon. LYMAN LACEY, Judge, presiding.

Mr. GEORGE HUNT, Attorney General, for the people.

Mr. D. J. SULLIVAN and Mr. F. S. WHITESIDE, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The People of the State of Illinois, by George Hunt, Attorney General, brought this action against appellee to recover a penalty for the violation of a statute of this State.

The declaration alleges that the defendant, on the 5th day of March, 1892, at, to-wit: said county of Greene * * * acted as the agent of, and transacted business for, the Australian Fire Insurance Company, of Sydney, N. S. W.,

a company not organized or incorporated under the laws of the State of Illinois, in taking risks and transacting the business of fire insurance in the State of Illinois, to-wit: in said county of Greene, and as such agent as aforesaid, at, to-wit: the county aforesaid, did procure, issue and deliver to  *   *   *   a policy of insurance.  *   *   *   whereby said insurance company did insure the said  *   *   *  against loss or damage by fire, for the period of one year, etc., *   *   *   and did then and there, as such agent, do and perform other acts in and about the taking of the said insurance.   Which said acts, and each of them, were done and performed by said defendant as agent, as aforesaid, he not having procured from the auditor of public accounts, of the State of Illinois, a certificate of authority stating that said The Australian Fire Insurance Company, of Sydney, N. S. W., had complied with the requirements of the acts of the General Assembly of the State of Illinois, entitled; "An act to incorporate and to govern fire, marine and inland navigation insurance companies, doing business in the State of Illinois," approved March 11, 1869, which apply to said company when doing a fire insurance business in the State of Illinois, and also stating the name of the attorney appointed by said insurance company to act for it in the State; and which said acts, and each of them, so done and performed by said defendant were and are contrary to the form of the statute in such cases made and provided. And the plaintiff avers that the said The Australian Fire Insurance Company, of Sydney, N. S. W., had not, at the time of the issuing and delivery of said policy, and of the performing of the several acts aforesaid, theretofore, nor has it since, complied with the statute of the State of Illinois, in such cases made and provided, in respect to the taking of risks and the transaction of a fire insurance business in the State of Illinois, by insurance companies incorporated by or organized under the laws of any State of the United States other than the State of Illinois, or of any

foreign government; nor had said company then and there any lawful right to transact the business of fire insurance in the State of Illinois. Wherefore, and by force of the statute, an action hath accrued to the plaintiff, to demand and have of and from the said defendant the sum of $500, part and parcel of the said sum above demanded.

Additional counts charging other and similar violations of law in the issuing of other policies of insurance, in the same form, except as to names of persons, dates and description of property insured, as the first count of the declaration. Declaration signed by Geo. Hunt, Attorney-General.

This action was brought, as the declaration shows, under the act of the General Assembly, approved March 11, 1869, entitled: ''An act to incorporate and to govern fire, marine and inland navigation insurance companies, doing business in the State of Illinois.''

To the declaration a general demurrer was filed, which the Circuit Court sustained, and the People electing to stand by their declaration, judgment was entered against them, and they prosecute this appeal.

The only question in the case is, did the Circuit Court rule correctly in sustaining the demurrer to the declaration?

Section 22 of said act of 1869 provides that it shall be unlawful for any insurance company, association or partnership, incorporated by or organized under the laws of any other State of the United States, or any foreign government, for any of the purposes specified in this act, directly or indirectly, to take risks, or transact any business of insurance in this State, unless possessed of the amount of capital required of similar companies formed under the provisions of this act, * * * * nor shall it be lawful for any agent or agents to act for any company or companies referred to in this section, directly or indirectly, in taking risks or transacting the business of fire or inland

navigation insurance in this State, without procuring from the auditor of public accounts a certificate of authority stating that such company has complied with all the requisitions of this act which apply to such companies, etc.

It is clear, from the foregoing extracts from said section, that it is aimed against foreign insurance companies attempting or desiring to do business in this State, and one of the objections urged to the declaration is that it fails to show that the company for which the defendant acted was a foreign insurance company.

It will, we apprehend, be conceded that if a person should assume to act for a fictitious company, having no existence whatever, and take risks or transact other business in its name, he would not be guilty of a violation of the provisions of this act, though he might be prosecuted for so doing under the criminal code of the State.

It will be observed that all that is said in this declaration as to the company for which the defendant acted is that he acted as the agent, etc., for "The Australian Fire Insurance Co., of Sydney, N. S. W., a company not organized or incorporated under the laws of the State of Illinois."

There is an entire absence of allegation as to the incorporation or organization of said company, except the negative one that it was not incorporated or organized under the laws of this State. Applying the well known rule that pleadings must always be construed most strongly against the pleader, this declaration shows no more than that the defendant acted for a company called the "Australian Fire Insurance Co., of Sydney, N. S. W.," neither "incorporated or organized under the laws of any other State of the United States or any foreign government."

Conceding that "if Sydney, N. S. W." means of Sydney, New South Wales, it will not be seriously contended that that language amounts, under any rule of pleading, to an averment that the company was incorporated or organized under the laws of New South Wales. As before said,

the allegation amounts to no more than a statement of the name by which the company was known.

The statute under which the action is brought is highly penal, and this suit is to recover a penalty, and it is well settled that in such actions the averments of the declaration must bring the case clearly within the prohibition, and that the provisions of the statute must be strictly construed. *Edwards* v. *Hill*, 11 Ill. 22; *The Chicago & Alton R. R. Co:* v. *The People ex rel.*, 67 id. 11; *Gilbert* v. *Bone*, 79 id. 341. Every fact necessary to constitute the offense for which the recovery of a penalty is sought must be distinctly averred, and no intendments are allowed in favor of the people. *Whitecraft* v. *Vanderver*, 12 Ill. 235; *Waddle* v. *Duncan*, 63 id. 223; Am. & Eng. Encyclopedia of Law, pp. 278 and 279, and cases cited in note.

Here, unless it be inferred that the company for which the defendant acted was incorporated or organized under the laws of some other State or foreign government, there is nothing whatever upon which to base the charge that the defendant acted for a foreign insurance company in this State.

By the terms of the statute he could only be made liable for the penalty sued for by taking risks or acting for an "insurance company, association or partnership incorporated by or organized under the laws of any other State of the United States or any foreign government," and this the declaration wholly fails to show he did.

We do not deem it important in this case to determine whether this act of 1869 has been so far repealed by the subsequent act of June, 1879, in relation to the same subject as that the action could not be brought in the name of the Attorney General. As before stated, the action is brought under the statute of 1869, which expressly provides that it may be brought by that officer, but we think, for the reasons above stated, the demurrer was properly sustained,

without reference to the question as to his right to bring the suit.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*