THOMAS P. HIGGINS, Respondent, *v.* E. M. DAKIN, Appellant.

*Action for a penalty — strict proof required — belief of a witness incompetent — Laws of 1893, chap. 219.*

Where a person sues to recover a penalty he should be required to clearly establish the fact that the defendant himself has violated the statute under which the action is brought.

In an action brought under chapter 219 of the Laws of 1893 to recover a penalty for the alleged use of a certain counterfeit or colorable imitation of a label adopted by a cigarmakers' union, it is improper to allow a witness for the plaintiff to state whether at the time he purchased certain cigars of the defendant he understood and believed that they were union-made cigars, and that the label attached was the genuine label of the cigarmakers' union.

HIGGINS *v.* DAKIN.

Appeal by the defendant, E. M. Dakin, from a judgment of the Otsego County Court in favor of the plaintiff, entered in the office of the clerk of said county on the 17th day of October, 1894, upon the decision of that court affirming a judgment of a justice of the peace of the town of Oneonta, Otsego county.

*Gibbs & Wilbur*, for the appellant.

*W. J. Palmer* and *Tracy Becker*, for the respondent.

Hardin, P. J.:

The plaintiff, in his complaint, alleges that he was a member of a union or association of workingmen, duly incorporated under and in pursuance of the laws of the State of New York, under the corporate name of the Cigarmakers' International Union of America. That the said union or association of workingmen has adopted a certain label or device, intended by them to designate the product of the labors of members of such union, and that copies thereof had been filed with the Secretary of State as required by law. The complaint further alleges that on the 15th of August, 1893, at the town of Oneonta, "the above-named defendant wrongfully did use, sell and expose for sale certain counterfeit or colorable imitations of the said label or device so adopted by said union or association of workingmen," contrary to the provisions of chapter 219 of the Laws of 1893, and that by reason thereof the defendant is indebted to the plaintiff in the penalty of the sum of $200. The answer contained a general denial.

Chapter 219 of the Laws of 1893 provides, viz.: "Any person who shall hereafter use, manufacture, display or keep for sale any counterfeit or colorable imitation of any label, mark, name, brand or device adopted by any union or association of workingmen or women, and intended by them to designate the products of the labor of members of such union or association of workingmen or women, and copies of which have been filed in the office of the Secretary of State, as provided in chapter three hundred and eighty-five of the laws of eighteen hundred and eighty-nine, shall be subject to a penalty of two hundred dollars. * * *" Under the plaintiff's complaint the question to be determined was, did the defendant "use, sell and expose for sale certain counterfeit or colorable imitations of the said label or device so adopted by said union." The

evidence given by the plaintiff to establish an affirmative solution of the question was given by Thomas Marsh, who testified that on the fifteenth of August, at his store, he purchased of the defendant 250 Fifth Avenue and 250 Agnes Booth cigars. The witness further testified : "We spoke about union-made cigars. That '5th Ave.' were union-made cigars, and gave him an order for 250 as union-made cigars; the 'Agnes Booth' I got it job lot; they were to be shipped to me; subsequently I received goods. (Package shown witness.)· They were contained in package similar to this shown me and purported to have attached union label on box on each pack. The 250 '5th Ave.'s' were put up in packages of 50 each (5 packages)." In the course of the witness' cross-examination he said : "I bought the goods from Heert & Co., and from them I received these cigars. * * * I had conversation with defendant about cigars being union-made, and I purchased them as union-made. He did not deliver me any cigars. I knew at time the cigars I was purchasing, I was purchasing them of Heert & Co. Heert & Co. afterwards sent the cigars to me, and I paid Heert & Co. for the cigars. I cannot say that defendant displayed union label to me; I do not remember that defendant ever delivered package with union label on; I supposed he was acting as agent; 'Agnes Booth' has no label on; to my best recollection I asked Dakin if the '5th Ave.' cigars were union-made and he said yes; they would have the blue label on; I cannot say that defendant exhibited blue label to me." The witness continuing said : "Defendant never delivered a box of cigars to me with union label on." At a later stage of the case the witness testified : "The best of my recollection is that I did ask Dakin if the '5th Avenue' cigars were union-made and he replied they were, and they would have the blue label on. * * * To the best of my knowledge, recollection and belief, there was something said about the cigars having the blue label on by Dakin at the time I purchased them." After this evidence was given the defendant moved for a nonsuit, which was denied. We think the evidence was insufficient to establish that the defendant manufactured, displayed, kept for sale or used " any counterfeit or colorable imitation of any label." A fair consideration of his testimony requires that that part which makes in favor of the defendant should be considered as well as that which might be construed as

being adverse to him. There is no evidence to indicate that the defendant did not send forward an order for goods to be shipped to the purchaser with just the label he represented, or that he forwarded an order for goods not union-made. Inasmuch as this is an action to recover for a penalty, evidence should be required of the plaintiff to establish that the defendant himself has clearly violated the statute which gives a right to a recovery. (*Canastota & Morrisville Plank Road Co.* v. *Parkill,* 50 Barb. 601.)

The case in hand is quite unlike *The People* v. *Adams* (3 Den. 190). If this action had been brought against Heert & Co., the case cited would be more in point.

(2) The trial court erred in overruling objections to question put to Marsh, in the following language : " Q. State at time you purchased these cigars, whether or not you understood and believed they were union-made cigars and that the label attached to pack was the genuine label of the Cigar Makers' Union ? " ( *Wilder* v. *Peabody,* 21 Hun, 376 ; *Matter of N. Y., West Shore & B. R. Co.,* 33 id. 231, and cases there cited.) The foregoing views lead to a reversal.

MARTIN and MERWIN, JJ., concurred.

Judgment of the County Court, affirming a justice's judgment, reversed, with costs, and the judgment of the Justice's Court reversed, with costs.