## People, etc., ex rel., etc., v. Mutual Life Insurance Co. and Chas. Ryan.

1. PLEADING—*Under Penal Statutes.*—To authorize a recovery under a highly penal statute, the averments of the declaration must bring the case clearly within the prohibition of the statute, and it must be strictly construed. Every fact necessary to constitute the offense for which the recovery of the penalty is sought, must be averred, and no intendments are allowed in favor of the party for whose benefit the suit is brought.

2. INSURANCE—*An Application for, is Not a Contract.*—An application for insurance is not a contract. The policy, with all its terms and conditions, with the application as a part of it, constitute the contract of insurance, and until the policy of insurance is issued there is no contract.

3. SAME—*Act of 1891 to Prevent Unjust Discriminations, Construed.* —An averment that an insurance company sold and offered to deliver an insurance contract at a rate of premium at variance with the regular established rate, does not charge a violation of the act of 1891, to prevent unjust discriminations of and by life insurance companies. The act is not leveled at an offer to effect the prohibited insurance, but the prohibited insurance must have been effected.

4. PROPOSITIONS OF LAW—*Must Not Call for Conclusions on Questions of Fact.*—This court holds that the propositions of law submitted by appellants were properly refused, as they simply called for the opinion of the court on questions of fact.

Debt, for a penalty. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

J. MARSHALL MILLER, state's attorney, GEORGE W. SMITH and WILLIAM N. HAIRGROVE, attorneys for appellant.

WINSTON & MEAGHER, attorneys for appellee, The Mutual Life Insurance Co.; MORRISON & WORTHINGTON, of counsel.

When a so-called proposition of law is submitted to the court which is in reality a question of fact, or which calls for the opinion of the court upon a question of fact, it is properly refused. County of La Salle v. Milligan, 143 Ill. 321 (346); Alexander v. Alexander, 52 Ill. App. 195 (199); Knowles v. Knowles, 128 Ill. 110 (115); O'Bannon v. Vigus, 32 Ill. App. 473 (500).

Where a party desires to avail himself of the refusal of the trial court to admit certain exhibits as evidence in the case, the exhibits in question must be attached to and made a part of the bill of exceptions. Clifford v. Drake, 14 Ill. App. 75; Same v. Same, 110 Ill. 135; McLaughlin v. Walsh, 3 Scam. 185; McBain v. Enloe, 13 Ill. 76; Warner v. Manski, 17 Ill. 234; Deem v. Crume, 46 Ill. 69 (75); Stack v. The People, 80 Ill. 32.

A contract of insurance is not complete until the minds of both parties meet. Making an application does not make a contract. Covenant Mutual Benefit Ass'n v. Conway, 10 Ill. App. 348 (353); People's Ins. Co. v. Paddon et al., 8 Ill. App. 447 (450); Bloomington Mut. Life B. Ass'n v. Cummins, 53 Ill. App. 530.

It is a well settled rule of law that, in actions to recover a penalty under a penal statute, the averments of the declaration must bring the case clearly within the prohibition, and that the provisions of the statute must be strictly construed. The declaration in such a case is to be construed most strongly against the pleader, and every fact necessary to constitute the offense for which the penalty is sought to be recovered must be distinctly averred, and no intendments will be allowed in favor of the prosecution. People v. Fesler, 145 Ill. 150 (155), and cases there cited.

The object of a penal statute is to punish a wrongdoer, as well as to recompense the injured individual.  To subject any one, therefore, to the penalty for the act it must be shown to have been willfully violated, by proof that the party committed the forbidden act himself or caused another to do it by his act or authority.

The liability arising from the relation of master and servant is founded in policy, but implication of authority in the servant that will render the master liable, in a civil suit, will not be sufficient to convict him in a criminal or penal prosecution.  Cushing v. Dill, 2 Scam. 460; Satterfield v. Western Union Tel. Co., 23 Ill. App. 446; City of Chicago v. Rumpff, 45 Ill. 90 (99); Whitecraft v. Vanderver, 12 Ill. 235; Goodwin v. Bishop, 145 Ill. 421 (426).

Mr. Justice Glenn delivered the opinion of the Court.

This was an action in debt to recover a penalty under an act of the legislature to correct certain abuses and prevent unjust discriminations of and by life insurance companies doing business in this State, between insurants of the same class and equal expectation of life, etc.  The declaration contained three counts.  To the first count the Mutual Life Ins. Co. of New York demurred.  The court sustained the demurrer and appellants stood by this count.

There is a copy of the act under which this suit is brought set out in this count which is as follows:

Comes now the plaintiff in the above entitled cause by Felix D. McAvoy, state's attorney, and complains of the defendants in debt, the Mutual Life Insurance Company of New York, doing business in the State of Illinois, and Charles Ryan, agent of same, of a plea that they render unto the plaintiff the sum of one thousand ($1,000) dollars which they owe to the plaintiff and unjustly detain from the plaintiff, for that the General Assembly of the State of Illinois, at Springfield, Illinois, passed an act approved on the 19th day of June, 1891, and in force July 1, 1891, entitled "An act to correct certain abuses and prevent unjust discriminations of and by life insurance companies doing business

in this State between insurants of the same class and equal expectation of life in the rates, amount or payment of premiums, dividends, rebates or other benefits." . The above entitled act is as follows:

Sec. 1. Be it enacted by the people of the State of Illinois represented in the general assembly, that no life insurance company or association organized under the laws of the State or doing business within the limits of the same, shall make or permit any discrimination between insurants of the same class, and equal expectation of life in its established rates, nor in charging, collecting, demanding, or receiving of the amount of premiums for insurants of the same class and equal expectation of life, nor in the return, ratable, of premiums, dividends, or other benefits accruing or that may accrue to such insurants aforesaid, nor in the terms and conditions of the contract between the insurants and such company, and such contract of insurance shall be wholly expressed and contained in the policy issued and the application therefor. Nor shall any such company nor its agents pay or offer to pay, or allow any person insured any special rebate of premium, or any special favor or advantage in the dividends or other benefits to accrue on such policy, or promise to give any advantage or valuable consideration whatever not expressed or specified in the policy of such company.

Sec. 2. If any life insurance company or association or its agent or agents aforesaid, shall make any unjust discrimination as enumerated in section 1 of this act, the same shall be deemed guilty of having violated the provisions of this act, and upon conviction thereof shall be dealt with as hereafter provided.

Sec. 3. Any life insurance company or association which shall transact its business in this State in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business jointly and severally, be subject to a penalty of not less than five hundred dollars, or more than one thousand dollars, to be sued for in the name of the people of the State of Illinois, by the state's attorney of the county in which such agent or agents

reside, or in the county where the offense was committed. One-half of said penalty when recovered shall be paid into the treasury of said county, the other half to the informer of such violation, and it is hereby made the. duty of the auditor of public accounts upon conviction had as aforesaid, or penalty recovered against any such company, or the agent thereof for any violation of this act, at once to revoke, cancel and annul the certificate of authority issued to any such agent by the auditor of public accounts.

Sec. 4. The provisions of this act shall not apply to fraternal associations dispensing aid or benefits to members or their heirs or legal representatives.

On and prior to the 13th day of September, 1894, the Mutual Life Insurance Company, a corporation doing business as such in the State of Illinois, and having as its authorized agent for the purpose of carrying on its business of life insurance in the State of Illinois, Charles Ryan; and Charles Ryan and the Mutual Life Insurance Company of New York, were on the 13th day of September, 1894, authorized to do business in the State of Illinois, the said company as a life insurance company, and the said Charles Ryan as the agent of said company; the said company, having complied with the laws of the State of Illinois was authorized to carry on its business, and Charles Ryan having the proper certificate of authority from the State authorities to act as the agent for the said company. William N. Hairgrove was, in 1894, a citizen of the State of Illinois, and had been for a long time prior to 1894, and was, and is entitled to the benefit of the laws of the State of Illinois. On the 13th day of September, 1894, the Mutual Life Insurance Company of New York, by Charles Ryan, its authorized agent, sold, and offered to deliver to J. Harry Barto a contract of insurance with said company on the life of J. Harry Barto, at Waverly, Morgan county, Illinois, and said insurance contract was sold at a rate of premium at variance with the regular established rate for insurants of the same class and equal expectation of life in the Mutual Life Insurance Company of New York; and J. Harry Barto paid for the said insurance, which was

in the sum of five thousand dollars, one hundred dollars as the first full annual premium; and the regular rate for insurance of the same class and equal expectation of life in the said company was one hundred and forty dollars and fifty cents; said insurance was only contingent upon a satisfactory medical examination, and J. Harry Barto was examined by a medical examiner of the said company, and passed a satisfactory examination, and the said authorized agent of the said company gave to J. Harry Barto a receipt for the full premium of one hundred dollars and fifty cents, having received therefor only J. Harry Barto's negotiable obligation for one hundred and forty dollars, and thus the Mutual Life Insurance Company of New York and Charles Ryan violated the statutes of the State of Illinois by rebating and giving a special benefit to J. Harry Barto over insurants of the same class and equal expectation of life, and thereby became indebted to the people of the State of Illinois in the sum of one thousand dollars for the use of the said people as well as the informant, William N. Hairgrove; and therefore they sue, etc., by F. D. McAvoy, state's attorney.

It will be observed from this act that it is highly penal. In case any life insurance company shall transact its business in violation of the provisions of this act, the company and its agent or agents shall be jointly and severally liable for a penalty of not less than five hundred dollars, nor more than one thousand dollars, and upon the recovery of the judgment for such penalty, it is made the duty of the auditor of public accounts to annul and cancel the certificate of authority issued to the agent transacting such business by the auditor of public accounts. To authorize a recovery in this class of actions, it is well settled that the averments of the declaration must bring the case clearly within the prohibition of the statute, and that it must be strictly construed. Every fact necessary to constitute the offense for which the recovery of the penalty is sought, must be averred, and no intendments are allowed in favor of the party for whose benefit the suit is brought. The People v. Fesler, 145 Ill. 150 and cases cited.

The application alone for insurance is not the contract. The policy, with all its terms and conditions, with the application as a part of it, constitute the contract of insurance. Until the policy of insurance is issued there is no contract of insurance. Bloomington Mutual Life Benefit Association v. Cummins, 53 Ill. App. 530; Covenant Mut. Ben. Ass'n v. Conway, 10 Ill. App. 348.

The averment in the first count of the declaration charges that appellee by its agent sold and offered to deliver to J. Harry Barto at Waverly, Morgan county, Illinois, an insurance contract, at a rate of premium at variance with the regular established rate for insurants of the same class and equal expectation of life, in the Mutual Life Insurance Company of New York.

We do not think this averment is sufficient to enable appellants to recover the penalty provided by this act. The penalty can only be recovered when the insurance has been effected, when the contract has been executed, and is no longer executory. While simply executory no offense is committed. It is not sufficient that there was a sale and offer to deliver. There must have been a delivery. The act is not leveled at an offer to effect the prohibited insurance, but the prohibited insurance must have been effected. The averments in the first count of the declaration do not clearly bring the case within the prohibition of the act. There is no averment that the policy was ever issued. The act provides that the contract of insurance shall be wholly expressed and contained in the policy and the application therefor, showing clearly that it was the intention of the framers of the act that the policy should be delivered, and the legal effect averred, so the court could determine whether the case was clearly within the prohibition of the act. We think the ruling of the court below in sustaining the demurrer was correct.

The case was tried on its merits on the second and third counts by the court, without the intervention of a jury. The counts were substantially the same. On both it was averred that appellee, by Charles Ryan, its authorized agent

at Waverly, Morgan county, Illinois, sold and delivered to J. Harry Barto a contract of insurance on the life of J. Harry Barto with the Mutual Life Insurance Company of New York; that the premium paid on such contract of insurance by J. Harry Barto was at variance with the rate charged other insurants of the same class and equal expectation of life with said Barto. Every fact necessary to constitute the offense, for which the recovery of the penalty is sought, must be distinctly averred and clearly proved. No intendment can be indulged in in favor of the appellants.

Even if the intendment is allowed that by the averment appellee, by its agent, sold and delivered a contract of insurance to J. Harry Barto, that it is meant a policy of insurance was delivered to him, the proof falls far short of establishing this fact. The evidence is of a very unsatisfactory character with reference as to whether there had been a delivery of the policy or not. It consisted of the contents of lost letters, written by persons claimed by appellant to be the agents of appellee, and loose admissions made by them with reference to the issuance of the policy, with but a slight degree of accuracy or certainty as to what the contents of the letters or what the admissions were.

The averments in these two counts charging a delivery of the policy of insurance, evidently means there was a manual delivery of it to Barto. This the proof fails to clearly establish. No one testified to having seen the policy or of knowing what its contents were. The proof having failed to clearly establish the facts necessary to constitute the offense charged in the declaration, the court was justified in finding for appellee and entering judgment on the finding.

The refusal by the court to give the propositions of law submitted to be held or refused by the appellants, is assigned as error. In this there was no error. They simply called for the opinion of the court on questions of fact, and were properly refused.

The judgment of the Circuit Court is affirmed.