274    APPELLATE COURTS OF ILLINOIS.

VOL. 84.]    Baltimore & O. S. W. Ry. Co. v. Village of Altamont.

## Baltimore & O. S. W. Ry. Co. v. The Village of Altamont.

1. CONSTRUCTION OF STATUTES—*Application of Sec. 99, Ch. 114, R. S., Relating to Flagmen at Public Crossings.*—Sec. 99, Ch. 114, R. S. (Sec. 99, Hurd's Statutes 1897, 1255), applies to streets in cities (C., B. & Q. R. R. Co. v. Dougherty, 110 Ill. 523).

2. PENAL STATUTES—*Construction.*—A penal statute must be strictly construed.

3. RAILROADS—*Flagmen—Requisites of Notice Under Sec. 99, Ch. 114, R. S.*—Before a valid notice to a railroad company to place and retain a flagman at a street crossing can be given, there must be a finding in some way by the authorities that such a flagman is necessary. A mere notice unaccompanied by an ordinance is insufficient.

4. RESOLUTIONS—*Of Legislative Bodies—Defined.*—A resolution is not a law, but merely the form in which the legislative body expresses an opinion. It is of a special and temporary character.

5. ORDINANCES—*Of Municipal Corporations—Defined.*—An ordinance of a municipal corporation is an enactment prescribing a permanent rule of conduct or of government.

Debt, for failure to place watchman at street crossing. Trial in the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge. presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed. Opinion filed September 5, 1899.

HAMILL & LESTER and WOOD BROS., attorneys for appellant.

Penal actions are to be strictly construed and no intend-

Baltimore & O. S. W. Ry. Co. v. Village of Altamont.

ments are to be indulged by the court in favor of a recovery of this character. People v. Fesler, 145 Ill. 150; City of Chicago v. Rumpff, 45 Ill. 90.

A city or village has no power to prescribe a regulation having the effect of a local law except by an ordinance. A resolution is not sufficient, much less a notice. C. & N. P. R. R. Co. v. Chicago, 174 Ill. 445; Nazworthy v. Sullivan, 55 Ill. App. 48.

JACOB ZIMMERMAN and S. F. GILMORE, attorneys for appellee.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

This was an action of debt brought by appellee to recover $100 a day for a failure of appellant to place and maintain a flagman at the street crossings in the village of Altamont, designated in the pleadings as East and West Centre street and East and West Maple street. The only question presented relates to the second count in the declaration, referring to East and West Maple street, the jury having been instructed to disregard the first count relating to East and West Centre street.

The second count is in substance as follows:

"And whereas, also on the day first aforesaid, the plaintiff was an incorporated village, incorporated under the general law for the incorporation of cities, within the said county of Effingham, and had charge and control of all the streets within the corporate limits of the same, and the defendant at said date was and still is the owner of and operating and using a certain railroad, by the running of trains of cars for the transportation of freight and passengers through the said village and over and across East and West Maple street, within the corporate limits of said village. And on the 28th day of February, A. D. 1898, at a regular meeting of the president and the board of trustees of the said village of Altamont adopted a motion for a notice to be served on J. M. Orrell, station agent of the Baltimore & Ohio Southwestern Railway Company, that a flagman is necessary at the railroad crossing of said Baltimore & Ohio Southwestern Railway Company of East and West

276     APPELLATE COURTS OF ILLINOIS.

VOL. 84.] Baltimore & O. S. W. Ry. Co. v. Village of Altamont.

Maple street, in the said village of Altamont, and that S. McVicker be directed to serve said notice; and the plaintiff, on the 29th day of June, 1898, notified one J. M. Orrell, an agent of the defendant, residing in said village, in writing, that a flagman was necessary at the crossing of the said defendant's railroad of East and West Maple street, in said village, being the notice provided for at said meeting; whereupon it became and was the duty of defendant, within sixty days from and after the said 29th day of June, 1898, to place and maintain a flagman at said crossing of said Maple street by defendant's said railroad; but the defendant neglected and refused to place and maintain a flagman at said crossing, contrary to the form of the statute in such case made and provided, whereby and by force of the said statute an action hath accrued to the plaintiff to demand of the defendant the sum of one hundred dollars per day for every day the defendant neglected and refused to place and maintain a flagman at the said crossing of defendant's railroad over the said East and West Maple street, after the lapse of sixty days after the said 29th of June, 1898, amounting to the sum of one thousand and eight hundred dollars ($1,800), separate of the said sum of four thousand and two hundred dollars first above demanded; yet the defendant, though requested, has not paid to the plaintiff the last mentioned sum of money, or any part thereof, but refuses to do so, to the damage of the plaintiff of four thousand and two hundred ($4,200) dollars, and therefore plaintiff brings suit by Jacob Zimmerman and S. F. Gilmore, attorneys for plaintiff."

The defendant pleaded *nil debit* and not guilty, upon which issue was joined, and the case proceeded to a hearing. Motion in arrest, and point made that this declaration was insufficient in law. Judgment for plaintiff for $1,500.

The action is based upon Par. 105, Chap. 114, Starr & Curtis' Stat. The section provides that:

"In all cases where the public authorities, having charge of any street over which there shall be a railroad crossing, shall notify any agent of the corporation owning, using or operating such railroad, that a flagman is necessary at such crossing, it shall be the duty of such railroad company, within sixty days thereafter, to place and maintain a flagman at such crossing," etc. Sec. 99, Hurd's Statutes 1897, p. 1255.

A railroad company failing to so place and maintain a flagman is, by the statute, made liable to a fine of $100 per day for each day's failure after notice served.

That this section applies to streets in cities is recognized in C., B. & Q. R. R. Co. v. Dougherty, 110 Ill. 523.

Section 68 of Chapter 24, Starr & Curtis Annotated 1896, empowers the city council in cities, and the president and board of trustees in villages, amongst other things, "to require railroad companies to keep flagmen at railroad crossings of streets, and to provide protection against injury to persons and property in the use of such railroads."

The village of Altamont is organized as a village, under the general law for the incorporation of cities and villages, chapter 24, *supra*.

There is nothing inconsistent in section 68 of chapter 24 with paragraph 105 of chapter 114. These two sections must then be construed together. In a village, incorporated under chapter 24, the president and trustees are the "public authorities" who must act under section 105, chapter 114. This section is highly penal in character, imposing a fine of $100 a day for its violation. As such it must be strictly construed. People v. Fesler, 145 Ill. 150.

Before a valid notice to place and retain a flagman at a street crossing can be given, there must be a finding in some way, by the authorities giving the notice, that a flagman is necessary. This is implied in the language of the notice required by the statute to be given, viz., they "shall notify any agent, etc., * * * that a flagman is necessary," etc. It is not claimed in this case that any ordinance or resolution was ever passed by the village of Altamont requiring a flagman to be placed and maintained at the crossing, or any finding by the council that a flagman was necessary, except as might be implied from the notice itself. This was not sufficient. The notice required appellant "to place and retain a flagman." It is said in C. & N. P. R. R. Co. v. Chicago, 174 Ill. 445:

"A resolution is not a law, but merely the form in which the legislative body expresses an opinion. An ordinance

prescribes a permanent rule of conduct or of government, while a resolution is of a special and temporary character. Acts of legislation by a municipal corporation which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions."

In Nazworthy v. City of Sullivan, 55 Ill. App. 51, it is said:

"An ordinance is necessary where a city designs to prescribe a general and permanent rule to have future operation and effect as a local law. When an act is to be done, a city, if authorized to do the act, may proceed by resolution of the city council."

Without deciding in the case at bar whether a resolution by the board of trustees would be sufficient upon which to base a notice, it is sufficient to say that it is not claimed that either an ordinance or a resolution was passed. There was then no finding that a flagman was necessary, and the notice, for this reason, was invalid.

We think also that the evidence fails to show that there is such a street as East and West Maple street, or where East Maple street and West Maple street meet. East Maple street, by the plat in evidence, extends to the eastern line of appellant's right of way. West Maple street extends to the west line of said right of way. Which of these streets, if either, crosses the right of way, or whether each crosses it partly, and both meet at some point in it, is left in doubt.

For the reasons assigned, the judgment of the Circuit Court is reversed.