### PEOPLE v. DUNSTON et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. GAME LAWS—ILLEGAL POSSESSION OF QUAIL—QUI TAM ACTION—SUFFICIENCY OF EVIDENCE.

In a qui tam action for the penalty provided by Laws 1900, p. 22, c. 20, for having quail in possession during the close season, the informer's evidence disclosed that he and three other persons entered defendant's "place," and ordered quail from the "waiter," who said he would "have to see," and who then went back and spoke to some one in the rear of the place—ostensibly the manager—and afterwards returned, and served the party with quail. *Held*, that the evidence was insufficient to show possession in the defendants, and the complaint was properly dismissed.

Truax, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the people of the state of New York against John Dunston and others. From a judgment in favor of defendants dismissing plaintiff's complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

B. Frank Wood, for the People.

L. J. Morrison (J. F. C. Blackhurst, of counsel), for respondents.

FREEDMAN, P. J. This action was brought to recover penalties prescribed for an alleged violation of the act commonly known as the "Forest, Fish and Game Laws" (chapter 20, p. 22, Laws 1900). The complaint charges the defendant with having "unlawfully, willfully,

and knowingly possessed four quail during the close season for quail, contrary to the form of the statute in such cases made and provided." The section claimed to have been violated is section 28, which provides that "quail shall not be sold or possessed during the close season," etc. The penalties imposed are one for $60, and an additional one for $25 for each bird or part of a bird taken or possessed in violation of the act, and also declaring the offending party guilty of a misdemeanor. The complaint in this action contained no allegation as to the nature of the business carried on by the defendants, nor was there any proof offered on the trial as to what kind of business the defendants were engaged in. The only proof adduced on the trial was that given by one John E. Overton, who was a state game constable, and who testified that he was entitled to receive one-half of the penalty collected, after expenses are deducted; and one Franklin N. Moore, who was in company with Overton at the time he testified the quail were eaten. This action being a qui tam action, the proof must be strict. "Every fact necessary to constitute the offense for which the recovery is sought must be averred, and no intendments are allowed in favor of the person for whose benefit the suit is brought." Higgins v. Dakin, 86 Hun, 461, 33 N. Y. Supp. 890; People ex rel. Mutual Life Ins. Co., 72 Ill. App. 569. Wood's testimony is the most favorable of any given in the case to sustain the plaintiff's complaint. He testifies that Overton and himself, with two young ladies, on the evening of the 18th of February, 1902, went into the defendants' place about half past 11. "We ordered quail from the waiter, and he said, 'I will have to see,' and he went back and spoke to some one in the rear of the place—ostensibly the manager—and afterwards he came back, and said it was all right, and he served us with four quail." The quail were eaten by the party, and this action was brought. This is the only testimony in the record that in any way points to defendants. It is admitted by the witnesses that they did not see either of the defendants about the place. Who the waiter or manager was does not appear, if in fact there was a manager at all, and the only proof in support of the complaint is that some one in the premises of the defendants called by the witnesses a "waiter" served said witnesses with quail. This fails to show possession in fact in the defendants, and the decision of the trial justice in dismissing the complaint in view of the nature of this action upon the meager facts shown was correct. In the case cited by the appellant— People v. Buffalo Fish Co., 164 N. Y. 99, 58 N. E. 34, 52 L. R. A. 803, 79 Am. St. Rep. 622—actual possession in the defendant was shown, and the court there held that the burden was cast upon the defendant of proving such possession was legal.

Judgment affirmed, with costs.

GILDERSLEEVE, J. I concur in the opinion of the Presiding Justice. It cannot be said, except from inference, that defendants were proprietors of the business in which the waiter was employed who served the quail, nor that the waiter was employed by defendants. There is no proof that any of the defendants were present at the time the quail were served. Upon the proof offered, the court could not deny the defendants' motion to dismiss the complaint without assuming

by inference that which the plaintiff was bound to establish by direct and conclusive proof.

The judgment should be affirmed, with costs.

TRUAX, J. (dissenting). I am as fond of quail, in season and out of season, à la broche, au laurier, aux petits pois, au gratin, aux laitues, en cronstades, à l' Anglaise, aux truffes, à la poile, à la ceudre, aux ecrerisses, vous la ceudre, au salficon, en compote, au basilic, aspic, galantine, chandfroid, bisque of quail, pate chand, tourte de quails, or any other way, as is either one of my associates, but I cannot concur in the conclusions reached by them. It is alleged in the complaint in this action, and admitted by the answer, that the defendants were engaged in business at 761 and 763 Sixth avenue in this city. The evidence shows that the business carried on there was that of a restaurant. On the trial the witnesses called it a restaurant, and it was frequently referred to as the premises of the defendants and as Mr. Dunston's restaurant. The evidence shows that quail were purchased on the premises mentioned in the complaint from a waiter who was employed in the restaurant. This evidence was not disputed by the defendants, and but one conclusion can be drawn from the evidence, and that is that the defendants had quail in their possession on the day testified to by the plaintiff's witnesses.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.