[S. F. No. 2829.    Department One.—January 20, 1904.]

## EMMA C. BAKER, Appellant, v. SAN FRANCISCO GAS AND ELECTRIC COMPANY, Respondent.

GAS COMPANY—ACTION UPON PENAL STATUTE—LIQUIDATED DAMAGES— DEBT FOR GAS UNEXTINGUISHED—REFUSAL OF TENDER.—An action under section 629 of the Civil Code, to recover from a gas company liquidated damages for failure to supply the plaintiff with gas, is based upon a penal statute, and plaintiff must show a strict compliance with its terms, by payment of all money due the gas company, or, if it refuses to receive it, by extinguishment of the debt by deposit of the money to the credit of the gas company, and notice thereof, as provided in section 1500 of the Civil Code. The action cannot be sustained by mere proof of a tender of the money and refusal of the defendant to receive it, without such extinguishment of the debt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Van Ness & Redman, for Appellant.

Bishop, Wheeler & Hoefler, and William Rix, for Respondent.

GRAY, C.—This action was brought to recover five hundred and thirty dollars as liquidated damages under section 629 of the Civil Code, for refusal and neglect of defendant to supply plaintiff with gas from January 9, 1900, to April 9, 1900. The defendant had judgment and plaintiff appeals.

The case was tried upon an agreed statement of facts, which is made the findings in the case by stipulation between the parties. So far as necessary to this opinion, these facts are as follows: Plaintiff formerly resided at 124 Fulton Street, San Francisco, and there took gas of defendant after depositing with it five dollars in advance and receiving in return a receipt as follows:—

"Received from E. C. Baker, five dollars as deposit in advance for gas to be used at premises No. 124 Fulton Street.

This deposit is only to be refunded upon the surrender of this certificate at final settlement. The regular bills of the company must be promptly paid without reference hereto.

"For the Company, W. Keegan."

Plaintiff moved from Fulton Street October 20, 1898, to 301 Grove Street in said city, owing $3.85 for gas used at the Fulton-Street house. Plaintiff continued to take gas of defendant at the Grove-Street house, and on December 22, 1898, defendant presented to her a bill for $2.45 for gas used at the Grove-Street house and also a bill for $3.85 for the gas consumed on Fulton Street. The plaintiff thereupon offered to pay the $2.45 for gas used on Grove Street, and offered to surrender to defendant the aforesaid receipt for the five-dollar deposit, and authorized defendant to deduct from said deposit said sum of $3.85 due for gas used on Fulton Street. The defendant refused so to do, and notified plaintiff that unless the sum of $6.30 was paid to it before noon of January 13, 1899, defendant would discontinue supplying said building on Grove Street with gas. Plaintiff failed to comply with this notice, and the gas was accordingly shut off by defendant. On January 20, 1899, plaintiff, in writing, demanded of defendant that gas be supplied for the Grove-Street house, but defendant refused to do so, and continued to refuse during the time involved in this action.

The section 629 of the Civil Code, upon which this action is based, reads as follows:—

"Upon the application in writing of the owner or occupant of any building or premises distant not more than one hundred feet from any main of the corporation, and payment by the applicant of all money due from him, the corporation must supply gas as required for such building or premises, and cannot refuse on the ground of any indebtedness of any former owner or occupant thereof, unless the applicant has undertaken to pay the same. If, for the space of ten days after such application, the corporation refuses or neglects to supply the gas required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars a day as liquidated damages for every day such refusal or neglect continues thereafter."

The agreed statement shows that the house was within a hundred feet from the defendant's main, that the application in writing was given as required by the statute, and ten days elapsed and no gas was furnished by defendant.

The action being based upon the statute, which is penal in its nature, strict compliance with its provisions must be shown by plaintiff to entitle her to the remedy provided by its terms. It is conceded that there was no actual payment of the amount due for gas used at the Grove-Street house, but it is urged by plaintiff that payment was waived and excused by plaintiff's tender of the money and defendant's refusal to accept it. We do not think payment was excused because of the refusal to accept the money so as to give a right of action under the statute already quoted. The complaint alleges that at the time the gas was shut off and demand to continue the same was made, the plaintiff was not indebted to the defendant. This could not be true unless the obligation to pay for the gas previously supplied to the Grove-Street house had been extinguished. If upon the refusal to accept the tender, plaintiff had deposited the money with a bank to the credit of defendant, she would have thereby "extinguished" the obligation, and perhaps there would then have been no indebtedness remaining as is contemplated by section 629 of the Civil Code. Section 1500 of the Civil Code provides: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." Nothing short of a compliance with this section can be held to constitute payment, or to extinguish the debt so that payment would be unnecessary within the meaning of the section upon which this action is based, for it will be seen that the latter section 629 of the Civil Code does not give the right of action to a party upon waiver of payment or when the payment is excused merely, but only on and after what may be treated in law as an actual payment of the amount *due* the defendant does this right arise to recover the penalty provided by the statute. The facts set forth in the agreed statement fail to meet the requirements of the law, because they do not show either actual payment for the gas at the Grove-

Street house, or what might be held to be the extinction of the debt merely, a compliance with section 1500 of the Civil Code.

We advise that the judgment be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.