[Civ. No. 1072.    First Appellate District.—October 17, 1912.]

HENRY THOMPSON, Appellant, v. THE SAN FRANCISCO GAS AND ELECTRIC COMPANY, Respondent.

GAS AND ELECTRIC CORPORATION—COMPLAINT FOR PENALTY FOR REFUSAL TO FURNISH ELECTRICITY—WANT OF AVERMENT AS TO MONEY—CAUSE OF ACTION NOT STATED.—A complaint to recover a penalty against a gas and electric corporation, under section 629 of the Civil Code, which provides as a condition of such recovery, "payment by the applicant of all money due from him," which properly sets forth a demand in writing for the service required, and the refusal of the corporation to supply the electricity demanded, but neither alleges the payment of any money due from plaintiff to the defendant, nor alleges that no money was due, fails to state a cause of action, and the court correctly sustained a general demurrer thereto.

ID.—ACTION UPON PENAL STATUTE—PENALTIES NOT FAVORED—PRESUMPTIONS AGAINST PLEADER.—The statute under which the action

is brought is penal in its nature. Penalties are never favored either by courts of law or equity and every intendment and presumption is against the person seeking to enforce the penalty or forfeiture provided by such a statute. A plaintiff seeking to recover a penalty must in his declaration allege all the facts upon which the statute gives him a right of action, and no intendments are allowed in his favor.

APPEAL from a judgment entered upon demurrer to the complaint in an action to recover a penalty. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Henry Thompson, and Seth Mann, for Appellant.

Wm. B. Bosley, for Respondent.

HALL, J.—This is an appeal from a judgment entered against plaintiff upon refusal of plaintiff to amend his complaint after an order sustaining defendant's general demurrer to plaintiff's complaint.

The action was brought to recover a penalty, in the sum of $1,055, under the provisions of section 629 of the Civil Code, which at the time of the demand set forth in the complaint read as follows: "Upon the application in writing of the owner or occupant of any building or premises distant not more than one hundred feet from any main, or direct or primary wire, of the corporation, and payment by the applicant of all money due from him, the corporation must supply gas or electricity as required for such building or premises. . . . If, for the space of ten days after such application, the corporation refuses or neglects to supply the gas or electricity required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter."

The complaint, among other things, sets forth the making of a demand in writing by plaintiff upon defendant to be supplied with electricity for domestic lighting purposes at apartments occupied by plaintiff (a copy of which demand is set forth in the complaint), and the refusal and neglect of defendant to supply the electricity demanded.

There is no allegation in the complaint concerning the payment of any money due from plaintiff to defendant, nor is there any allegation that no money was due. There is no allegation whatever in the complaint to meet the requirements of the law as to the condition precedent of "payment by the applicant of all money due from him."

This omission is fatal to the complaint. This is true. without regard to the question whether or not the electric company under the statutes is obliged, upon the demand, to make its service connection, install a meter, and commence the supply of electricity without prepayment for the expense of making the connection or the charge for the electricity to be supplied.

The statute under which the action is brought is penal in its nature. (*Baker* v. *San Francisco Gas & Electric Co.*, 141 Cal. 710, [75 Pac. 342]; *Smith* v. *Capital Gas Co.*, 132 Cal. 209, [54 L. R. A. 769, 64 Pac. 258].)

The complaint in the present case, unlike the complaint in the case between the same parties, heretofore decided by this court, 18 Cal. App. 30, contains no allegation of actual damage, but seeks a recovery simply of the penalty prescribed by the statute. The cause of action in the present case can only be sustained, if at all, as one arising under the statute.

The statute requires as a condition precedent, to entitle the demandant to recover of the corporation, not only that he make the written demand, but that he pay all money due from him.

For aught that appears plaintiff may have been indebted to defendant for gas previously supplied at the same premises, or for electricity supplied elsewhere. There is no allegation to the contrary, as was the case in *Fair* v. *Home Gas and Electric Co.*, 13 Cal. App. 589, [110 Pac. 347].

Penalties are never favored either by courts of law or equity. "Every intendment and presumption is against the person seeking to enforce the penalty or forfeiture provided by such a statute." (*Savings & Loan Society* v. *McKoon*, 120 Cal. 177, [52 Pac. 305]; *Irvine* v. *McKeon*, 23 Cal. 472.)

So strictly must the plaintiff comply with the provisions of a penal statute that it was held in *Baker* v. *San Francisco Gas etc. Co.*, 141 Cal. 711, [75 Pac. 342], in an action under this same statute that an offer to pay money due was not sufficient, but that if the offer was not accepted the plaintiff, in order to

comply with the requirement for payment, must make a deposit of the amount due in some bank as provided in section 1500 of the Civil Code.

"No rule of pleading is better established than that the plaintiff must set forth all that is necessary to enable him to recover. It is, therefore, well established that in declaring upon a penal statute, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception." (*Mills* v. *Kennedy*, 1 Bailey (S. C.) 17.)

"There can be no doubt that the plaintiff must in his declaration allege all the facts upon which the statute gives him a right of action." (*Berry* v. *Stinson*, 23 Me. 140; *Ferrett* v. *Atwill*, 1 Blatchf. 151, [Fed. Cas. No. 4747].)

"And no intendments are allowed in favor of the party for whose benefit the suit is brought." (*People* v. *Mutual Life Ins. Co.*, 72 Ill. App. 569; *People* v. *Fesler*, 145 Ill. 150, [34 N. E. 146]; *Wright* v. *Wheeler*, 30 N. C. 184; *Greer* v. *Bumpass*, 8 Tenn. 94.)

We think it perfectly clear that in omitting any allegation in reference to the payment of all money due from him the plaintiff failed to state facts sufficient to entitle him to recover under the statute, and for this reason the court correctly sustained the demurrer to the complaint.

The judgment is affirmed..

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 16, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1912.