[Civ. No. 9979. First Appellate District, Division One.—January 14, 1937.]

CLARA BREAUX et al., Appellants, v. MANUEL SOARES, Respondent.

J. W. Lenahan and John H. Thomsen for Appellants.

Wyckoff, Gardner & Parker for Respondent.

TYLER, P. J.—Action for alleged wrongful death claimed by plaintiffs to have been caused by the negligence of defendant in the operation of his automobile. The amended complaint charged that the defendant so operated his car as to cause it to collide with another automobile, propelling the latter against decedent and causing his death. The action was brought by the widow of decedent in her own behalf

and also on behalf of her two minor children. In addition to the denials of negligence the answer pleaded contributory negligence upon the part of decedent. The case was tried by a jury which rendered a verdict in favor of defendant. Judgment upon the same was entered and this is an appeal taken therefrom. The errors assigned deal exclusively with the giving and refusal to give certain instructions to the jury. The facts giving rise to the controversy may be briefly stated as follows:

At 9 o'clock in the evening of December 13, 1934, one Magnus Jensen was driving a Chrysler automobile on the Salinas-Monterey highway in a westerly direction toward the city of Monterey. The weather was wet and the highway muddy. When at a point two miles east of Monterey the car skidded and went off into a ditch and turned over. Jensen, the driver, went into Monterey and employed the decedent to extricate the car from its position. They repaired to the scene of the accident in a tow car owned by deceased. The Chrysler was righted by the use of a winch on the tow car and pulled from the ditch. The two right wheels were damaged. The tow car dragged the overturned car to a point on the north side of the highway. One of the hind wheels was locked and would not turn. The front of the Chrysler was at this time hooked to the tow car by a chain. The tow car and the Chrysler came to a stop on the northern half of the road, facing toward Monterey, with both cars on the pavement. When the parties were pulling the wrecked car out of the ditch its lights were burning. Before it was brought to a stop or immediately thereafter the lights were turned off, but on the body of the tow car lights were burning. When proceeding upon the highway it was ascertained that the tire on the locked rear wheel of the Chrysler was being damaged by being dragged. Decedent stopped his tow car and got out for the purpose of uncoupling the two cars and hitching the tow car to the rear of the Chrysler in order to tow it into Monterey backward. To accomplish this act he went in between the Chrysler and the tow car. While in this position defendant, driving his automobile on the highway, collided with the rear end of the Chrysler; deceased was caught between the front of the Chrysler and the rear end of the tow car and received the injuries which caused his death.

There is no direct evidence of any investigation having been made by anyone for the purpose of ascertaining whether it would have been practicable to have driven the tow car and the Chrysler on to the shoulder of the road, nor is there any evidence that the tow and the disabled cars were stopped upon the pavement because it was impracticable to drive them upon the shoulder and stop them there. Adjoining the pavement on the northern side was a shoulder nine feet in width; on the southern side there was a shoulder between nine and ten feet in width. There was evidence to show that the shoulders were slightly muddy for a maximum depth of one inch, but solid beneath. The only reason appearing in the evidence as to why the two cars were stopped by the decedent upon the paved portion of the highway rather than upon the shoulder of the road was that the locked wheel of the wrecked car was damaging the tire. The above facts are sufficient for a consideration of the questions presented on the appeal.

After the case had been submitted to the jury, it returned to the court for further instructions upon the question of the right of the deceased to have parked his cars upon the paved portion of the highway instead of the shoulder thereof. In response to the request of the jury the court gave the following instruction: "Under the provisions of section 136 of the California Vehicle Act, the driver of a vehicle is forbidden to park it or leave it standing upon the paved portion of the highway, if it is practicable to park it or leave it standing off the highway. The responsibility is upon the driver to ascertain the fact before parking or leaving his vehicle upon the highway. If he does so without making any investigation, or without making a sufficient investigation, he does so at his own risk. He should have used that degree of care and diligence in determining whether it was practical for him to park or leave the tow car and Chrysler off the pavement at the point in question as an ordinarily prudent person would have used under all the circumstances there existing, and the danger and risk which was known there to exist at that place. It is not a question as to whether or not a sufficient investigation has been made. The question is 'was it as a fact practicable to park the vehicle or leave it standing off the pavement?' If as a fact it was practicable so to do, then if he parked or

left the vehicle standing on the pavement, it was negligence so to do. In other words, when a man in a condition like that on a highway—the burden is upon him to make an investigation, and if it is proven afterwards he did not use due diligence in making the investigation, and you find that he did not from all the circumstances in this case, and it was practicable at the time, then you must find he was guilty of negligence in failing to do it." The giving of this instruction constitutes the first and main assignment of error. The instruction is attacked upon the grounds that by its terms decedent was held to a higher degree of care than would be adopted by a reasonably prudent person; that as a matter of law the evidence shows decedent was protected by the provisions of the exception written into section 136 of the California Vehicle Act which was not given, and that the instruction was contradictory in its terms.

Section 136 of the California Vehicle Act upon which the instruction purports to be based reads as follows: "No person shall park or leave standing any vehicle whether attended or unattended upon the paved or improved or main traveled portion of any public highway, outside of a business or residence district when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle whether attended or unattended upon any public highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon." The exception which it is claimed should have been incorporated in the instruction reads as follows: "The provisions of this subsection shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a public highway, in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

The instruction is not erroneous as claimed. ■ Where, as here, it is shown that a vehicle has been parked or left standing on the paved portion of a highway, the burden is upon the driver thereof to establish facts showing that such action was justified in law. (*Casey* v. *Gritsch*, 1 Cal. App.

(2d) 206 [36 Pac. (2d) 696]; *Smarda* v. *Fruit Growers' Supply Co.*, 1 Cal. App. (2d) 265 [36 Pac. (2d) 701]; *Silvey* v. *Harm*, 120 Cal. App. 561 [8 Pac. (2d) 570].)

■ The instruction taken as a whole informed the jury that the deceased was obligated only to make such investigation as would have been made by a reasonably prudent man under the existing conditions, and that if he did this he would be protected even though the jury should find it was practicable to park or leave the vehicle off the pavement. In determining whether the section had been violated the question for determination was whether it was practicable to park or leave such vehicle standing off the paved portion of the highway. Under the evidence this was a question to be determined by the jury, and by the instruction the question was left entirely to it. ■ It is proper to instruct a jury in substantially the language of the statute, that if a party has been shown to have parked or left a vehicle standing on the paved portion of the highway when it was practicable to park or leave it standing off the paved portion of the highway, this constitutes negligence. (*Silvey* v. *Harm, supra.*) ■ Nor did the court commit error in failing to incorporate in the instruction the exception to the rule, to the effect that when a car is disabled the rule does not apply. Where the instruction correctly stated the general rule applicable, and this was the question the jury asked further instruction upon, if plaintiffs desired the exception to the rule to be incorporated in the instruction counsel should have requested it. (*Coursault* v. *Schwebel*, 118 Cal. App. 259 [5 Pac. (2d) 77].) The effect of the exception was repeatedly explained to the jury in the former instructions. ■ Nor were plaintiffs entitled, as claimed, to an instruction as a matter of law that the damaged car was disabled within the meaning of the California Vehicle Act. This was a question for the jury and it was properly left to it to determine.

■ Appellants further complain that the trial court erred in instructing the jury that defendant was entitled to certain assumptions; that it likewise erred in instructions as to the maintaining of a tail light, and in excluding the element of proximate cause from its formula instruction. It is further claimed that it erred in refusing to instruct the jury that failure to keep a lookout was negligence. We have

considered these objections and find no merit therein. The jury was fully and fairly instructed upon the questions.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 15, 1937.