[Civ. No. 6252. Third Appellate District.—August 29, 1939.]

NORMAN M. CUMMINGS, Respondent, v. WILLIAM KENDALL et al., Appellants.

Bronson, Bronson & McKinnon for Appellants.

Charles Reagh and Taylor F. Peterson for Respondents.

THOMPSON, J.—The respondent has moved under the provisions of rule V, subdivision 3, of California Court Rules, to dismiss the appeal in this case on the ground that the issues are unsubstantial and that the appeal was taken merely for delay. The appellants' opening brief has been filed.

We are of the opinion that the appeal presents a legal problem too serious to justify the dismissal of the case without a hearing on its merits. The appellants contend that there is no evidence supporting the findings or judgment that their alleged negligence contributed in anywise to the injuries sustained by the plaintiff. The accident which is the foundation of this litigation involves the collision of three automobiles. The appellants' car was following the machine in which the plaintiff rode as a passenger, in the night-time, down grade on a straight unobstructed highway at a distance of about 150 yards. They were traveling fifty or sixty miles an hour. The car in which the plaintiff and four other men were riding met an approaching machine driven by Norman Gobet, whom one witness testified was drunk. Gobet swerved his car over onto the wrong side of the highway in the pathway of the other machines, and a head-on collision occurred. The driver of the appellants' car did not see the approaching Gobet machine. He heard the impact of the two cars ahead of him, but did not see either machine. He failed to apply his brakes until he arrived at a point thirty to fifty feet from the plaintiff's car as it lay on its side or stood on its wheels in the middle of the highway. He swerved his machine to his left and hit the plaintiff's car, landing in the ditch sixty feet beyond that point. When he returned to the place of the disaster the plaintiff's machine lay upon its side badly demolished. All of the occupants of that machine were unconscious. One of them died subsequently from the results of his injuries. The plaintiff was seriously and permanently injured. Each of the occupants of that car testified he remembered absolutely nothing after the collision with the Gobet machine. Gobet was sued jointly with the appellants. Apparently he was not served with process. He did not answer or appear at the trial. No judgment was rendered against him. The judgment was rendered against the appellants only.

We have read the transcript of testimony, and find no evidence, unless it may be inferred, that the subsequent striking of plaintiff's car by the appellants' machine, contributed in any degree or manner to the injuries previously received by the plaintiff in the collision with the Gobet machine. The evidence seems to be lacking in that regard. In support of the findings and judgment, we may assume the

driver of the appellants' automobile was guilty of negligence in failing to observe the approaching Gobet machine; in running so rapidly and so closely behind the plaintiff's car that he was unable to stop and avoid striking that car, or in his omission to apply his brakes in a space of approximately 100 yards after the first collision occurred, until he reached a point so close to the wreck as to be unable to stop his machine and avoid striking the overturned automobile.

The issue regarding the appellants' liability for the injuries sustained by plaintiff may not be determined alone from their ascertained negligence. There must be substantial evidence also that their negligence contributed to some extent to the plaintiff's injuries. The vital questions are whether plaintiff's injuries were sustained as a proximate result of the concurrent negligence of Gobet and the driver of appellants' car; whether they were joint tort-feasors; and whether the concurrent negligence of the appellants contributed in any manner as a proximate cause of plaintiff's injuries. This presents a serious question of both law and facts which will not warrant a dismissal of the appeal without a hearing on the merits. We may not say, under such circumstances, the issues presented on appeal are unsubstantial, or that the appeal was perfected for mere delay.

The appellants clearly raise the issues suggested by this court. The opening brief states in that regard:

"There is no evidence to support the finding that the breach of any duty on the part of Calvin Kendall proximately contributed to the plaintiff's injuries."

In his brief on motion to dismiss the appeal, the respondent prints statements of evidence in parallel columns which he calls "The Deadly Parallel". But that comparison does not appear to be so deadly. The range is too short. It fails to reach the mark. It does show the existence of substantial evidence indicating that appellants were guilty of negligence. By the aid of certain inferences, we may assume it shows concurrent negligence with that of Gobet, who was the cause of the first collision. Technically speaking, the two collisions did not occur "instantaneously" or "simultaneously" as the court found that they did. But it may be true that they were so closely connected as to constitute concurrent negligence which would render the operators of both cars liable as joint tort-feasors. (*Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134].)

The serious question is whether there is any substantial evidence that the appellants' subsequent striking of plaintiff's machine contributed in any degree to the injuries sustained by the plaintiff. The finding that the two collisions occurred simultaneously and concurrently was evidently adopted to meet the language found in many cases cited in support of the texts in 19 California Jurisprudence, 572, sec. 20; 2 California Jurisprudence Ten-Year Supplement 539, section 349; 4 Blashfield's Cyclopedia of Automobile Law, 361, sections 2551–2553; 3–4 Huddy's Cyclopedia of Automobile Law, 49, section 22, 62 A. L. R. 1181, note, with respect to concurrent negligence in successive collisions. In the text found in 19 California Jurisprudence, page 572, which is supported by numerous California cases, it is said:

"In order to hold one liable for negligence, it is not necessary that his act or omission be the sole cause or injury suffered. . . . Where injury results from two separate and distinct acts by different persons, *operating simultaneously and concurrently,* both are the proximate cause, and recovery may be had against either or both of the responsible persons. . . . Although, in order to be concurrent, the negligence of two persons must be simultaneous, *a primary act of negligence may be so continuous in its character that it conjoins with an act of negligence of another committed at a much later date,* and an act not negligent at the time committed may become so because of the acts of another."

Good reason and logic impels the conclusion that concurrent negligence which may impose liability on two individuals acting separately, need not necessarily occur simultaneously if they are so related as to directly contribute to the accident which results in the injuries complained of. But, as the authorities seem to agree, it is necessary that the concurrent acts of negligence shall contribute to a substantial degree as a proximate cause of the injuries. In the text in 4 Blashfield's Cyclopedia of Automobile Law, *supra,* it is said in that regard:

"Under the principle stated in the foregoing section, if the negligence of defendant *is one of the proximate causes of the injury of which the plaintiff complains,* he cannot escape liability by showing that the negligence of a third person also contributed to the injury, and that the accident would not have happened but for such negligence of the third person."

It seems to follow that the mere proof of concurrent negligence of the appellants in the present case may not be sufficient to fasten liability upon them, unless there is substantial evidence that their negligence contributed in some degree to the injuries sustained by the plaintiff.

For the foregoing reasons the motion to dismiss the appeal is denied, and the petitioner is granted twenty days from notice thereof in which to file his brief on the merits of the cause. The appellants may have ten days thereafter in which to reply.

Tuttle, J., and Pullen, P. J., concurred.