[Civ. No. 4445. Fourth Dist. Dec. 3, 1952.]

VICTOR A. LOPEZ, JR., et al., Respondents, v. SAMUEL E. CAPITI, JR., Appellant.

MILDRED M. LAMB et al., Respondents, v. SAMUEL E. CAPITI, JR., Appellant.

ARCHIE J. EDGE, Respondent, v. SAMUEL E. CAPITI, JR., Appellant.

John Lewis King for Appellant.

Harold D. Mefford and Julius J. Novack for Respondents.

GRIFFIN, J.—The three actions against defendant Capiti arose out of a collision between an automobile driven by Capiti, an automobile driven by a Mr. Lamb, and one driven by plaintiff Victor A. Lopez, Jr. The collision first occurred between the Capiti vehicle and the Lamb vehicle. Lamb was killed. Plaintiff Edge, a passenger in the Lamb car, was injured. Thereafter, Capiti's vehicle collided with plaintiff Lopez's vehicle. One action was brought by the heirs at law of Lamb, one by plaintiff Edge, and one by Lopez and his wife. The latter two actions were for personal injuries.

On May 24, 1951, the jury returned a verdict, in open court, in favor of defendant Capiti, and against all plaintiffs. A judge, other than the trial judge, received the verdict. At that time each and all of the plaintiffs moved the court for judgment notwithstanding the verdict. That judge ordered that the motions be taken under submission, to be determined by the trial judge. Thereafter, and on the same day, the clerk entered a judgment on the verdict. Without any further attention of the trial judge being called to the motions, on June 4, 1951, plaintiffs Edge and Lamb et al., filed a notice of intention to move for a new trial on the ground of in-

sufficiency of the evidence. As to plaintiffs Lopez et al., a notice of intention to move for a new trial was filed on June 7, and denied by written order made on August 8. The order was filed on August 9th. At the hearing of the motions for new trial before the trial judge, apparently no request was made for a ruling on the motion for judgment notwithstanding the verdict, nor was the court's attention called to it, and apparently no point was, at that time, made of that fact. After hearing the motions for new trial, on July 17, 1951, said motions were taken under submission. On July 30th, a minute order was made granting the motions. A written order, pursuant to section 657, of the Code of Civil Procedure was required, and on July 30th, a signed order was made granting the motions for new trial, which order was filed on July 31st.

Defendant, on August 16, filed a notice of appeal from the order "made on the 30 day of July, 1951, setting aside the verdict . . . and granting a new trial . . .''

Defendant's first contention is that the trial court was without jurisdiction to grant a new trial. This is predicated upon the claim that more than 60 days had elapsed between the notice of entry of judgment and the order granting a new trial; that although no written notice of entry of judgment was served, by the affirmative act of counsel for plaintiffs moving, on May 24th, in open court, for judgment notwithstanding the verdict of the jury, plaintiffs waived written notice of entry thereof; that such waiver was as effective as though such notice was given on that date. In support of this they cite such cases as *Timmons* v. *Coonley,* 39 Cal.App. 35, 37 [179 P. 429]; *Hughes* v. *De Mund,* 195 Cal. 242 [233 P. 94]; *Forni* v. *Yoell,* 99 Cal. 173, 176 [33 P. 887]; and *Jansson* v. *National Steamship Co.,* 34 Cal.App. 483, 485 [168 P. 151].

As to the Lopez case, under point 2, it is contended that under the construction sought to be applied by defendant, the last day to file the motion for new trial was on June 4th, and therefore the motion filed on June 7th was ineffective, citing *Gardner* v. *Stare,* 135 Cal. 118, 119 [67 P. 5], and section 659, Code of Civil Procedure.

As a third point, defendant argues that the notice of intention was prematurely filed because the judgment under section 664, Code of Civil Procedure, was ineffective for any purpose.

The cases relied upon by defendant are factually distinguishable. ■ Under section 664, *supra,* the entry of the judgment on the verdict, pending the hearing of the motion for judgment notwithstanding the verdict, was automatically stayed. The clerk had no authority to enter it at that time. ■ The erroneous entry thereof was ineffective for the purpose of starting the time running in which a motion for new trial might be granted. ■ Moreover, the motion for judgment notwithstanding the verdict was made *before* the clerk, in fact, erroneously entered the judgment. Accordingly, it could not operate as a waiver of written notice that the judgment had been entered. ■ Plaintiffs would not be called upon to anticipate that the clerk would enter a judgment on the verdict until the motion for the judgment notwithstanding the verdict had been determined. Therefore, the period commenced to run from the date of filing the notice of intention to move for a new trial. (*Parr v. Swanson,* 102 Cal.App.2d 666 [228 P.2d 26] ; *Reed v. Cortez,* 88 Cal.App.2d 416 [198 P.2d 911].) Under section 659, Code of Civil Procedure, prior to its amendment in 1951 (Stats. 1951, ch. 801, p. 2288) effective on January 1, 1952, a motion for new trial may be properly made *before* entry of judgment, or within 10 days after receiving notice of such entry. ■ Under section 660, Code of Civil Procedure, the power of the court to pass upon the motion expires 60 days after service of such written notice, or if none is served, 60 days after filing notice of intention to move for a new trial. A notice of intention to move for a new trial in the Edge and Lamb cases, being filed on June 4th, the granting of the motions on July 30th was timely.

As to the Lopez case, since the filing was on June 7th, the motion for new trial was granted (by minute order on July 30th) within the time prescribed by the section. The written order specifying the grounds was filed with the clerk within 10 days after it was granted, as required by section 657, Code of Civil Procedure. This sufficiently disposes of the preliminary questions raised on this appeal.

Under point 4, defendant claims that the trial court abused its discretion in granting the motions for a new trial on the ground of insufficiency of the evidence. A brief statement of the evidence supporting plaintiffs' allegations of negligence of defendant, although in conflict in certain respects, shows that the Lamb car was being driven north on I Street, a thoroughfare guarded by stop signs on that street; that de-

fendant Capiti was traveling east on Ninth Street, and Lopez was driving west on that same street; that Capiti's car went through the stop sign; that it first struck the Lamb car in the intersection, then swerved across the street at an angle and struck the Lopez automobile nearly head-on as that car approached the stop sign from the east. There were some inconsistencies in the testimony of some of the witnesses between their testimony at the time of trial and their testimony given at a former hearing, and some conflict in the evidence. The question of the weight of the entire evidence produced was for the trial court to determine on a motion for a new trial.

On an appeal from an order granting a new trial, all presumptions are in favor of the order and against the verdict. It should be granted whenever in the trial court's opinion the evidence is insufficient to justify the decision. Granting a new trial on the ground of insufficiency of the evidence is discretionary to the extent that if any appreciable conflict exists in the evidence, such action will not be disturbed on appeal. (*Norden* v. *Hartman*, 111 Cal.App. 2d 751 [245 P.2d 3].) The trial judge will not be reversed in his ruling on a motion for new trial unless it is affirmatively shown or manifestly appears that he has abused the sound discretion confided to him. (*Perry* v. *Fowler*, 102 Cal.App.2d 808, 812 [229 P.2d 46]; *Sassano* v. *Roullard*, 27 Cal.App.2d 372 [81 P.2d 213].) No such abuse here appears.

Orders granting new trials affirmed.

Barnard, P. J., concurred.

Mussell, J., did not participate herein.