[Civ. No. 20046.   Second Dist., Div. Two.   Apr. 22, 1954.]

LOUISA E. DAVIS, Appellant, v. HAL B. WASH-BURN, JR., et al., Respondents.

James C. Webb for Appellant.

Zahradka, Glines & Bentley and Joseph Zahradka for Respondents.

MOORE, P. J.—In her action for damages for personal injuries resulting from the collision of her automobile with that of respondent on November 26, 1948, a verdict was returned for the sum of $19,000. Judgment having been entered thereon, the trial court granted respondent's motion for a new trial limited to the issue of damages only, on the grounds of excessive damages and the insufficiency of the evidence to justify the amount of the verdict unless appellant should accept $5,831.36 in full satisfaction of the judgment.

A reversal of the order is demanded on the ground that the trial court abused its discretion in granting the motion for a new trial.

All presumptions are in favor of the order and against the verdict. A new trial should be granted whenever, in the trial court's opinion, the evidence is insufficient to justify the judgment. Granting a new trial on the ground of insufficiency of the evidence is discretionary to the extent that if any appreciable conflict exists in the evidence, such action will not be disturbed on appeal. (*Lopez* v. *Capiti,* 114 Cal.App.2d 544, 548 [250 P.2d 616]; *Tice* v. *Kaiser Co., Inc.,* 102 Cal.App.2d 44, 45 [226 P.2d 624]; *Ewing* v. *Hamada,* 59 Cal.App.2d 679, 681 [139 P.2d 655].)

Appellant points out the following testimony which tends

to support the jury's verdict: After receiving injuries in the collision, appellant suffered pain internally, in the abdominal area and back, groin, legs and shoulder; was under the care of her physician from the time of the accident to the time of trial in April, 1953; was confined to bed for about five months, after which she was able to work "off and on"; had worked steadily as a waitress on one job from July, 1943, until the time of the accident, averaging $50 a week; worked about five weeks at her former place of employment in November, 1949, but had to give it up on account of pain; had not worked a year previous to trial due to extreme pain aggravated by moving about. Her medical bills aggregated $585.34.

Such proof might have been deemed sufficient if respondent were now attacking the judgment on the verdict for the insufficiency of the evidence. But here a far different situation prevails. The trial court has already resolved the nature and amount of appellant's evidence by concluding that it was not sufficient to support the amount of the verdict. Therefore, the conclusion of that court is now on trial.

■ Respondent's evidence does not contradict the facts proved by appellant. However, it does enlarge and explain them and creates a substantial conflict as to what portion of the disorders suffered by appellant was the result of respondent's negligence. Appellant's physician examined her shortly after the accident, found bruises on shin and knee and left groin, and she complained of pain in the left shoulder, back, and occipital region. But it was shown by his records that she had suffered pain in her abdomen in 1943, "can't get arm up" in 1944, and received diathermal treatments for the pain in her shoulders; that she had a urinary infection in 1945, and a mass behind the uterus and hemorrhoids, and in 1947, boils. At the request of defendants, a physician examined her in December, 1952, when she complained of pain in her neck and back, soreness and limitation of motion; pain between her shoulder blades, lower back, in both shoulders, and tenderness in the neck. She had 80 per cent normal movement in her neck and back. Leg raising tests were within 10 degrees of normal. The findings of this physician were that most of appellant's symptoms were due to toxic and infectious conditions which did not result from the accident. Not only pyorrhea, but the case of pneumonia in 1952 served to cause inflammation and irritation of the muscles and liga-

ments of the mouth and shoulders; there is no connection between her pains and the accident; her arthritis existed years before her collision with respondent.

Appellant suffered a vaginal hemorrhaging which continued intermittently from the time of the accident until currettement in March, 1949, by her physician. In his opinion, it would not have been necessary except for the accident. But appellant had had two previous miscarriages. Her physician also testified to chorea movements, "purposeless movements which are characteristic of brain injury" witnessed on December 7, 12 days after the accident.

Appellant held several positions during the period here involved, and operated her own business for four and one-half months in 1951, during which time she was open for business 12 hours a day, but she has not worked since.

The trial court evidently concluded that a great majority of her symptoms were due to toxic and infectious conditions which were constitutional in origin and not the continuing results of any effects of her injuries. By reason of the substantial conflict in the evidence with regard to the extent of the injuries suffered by appellant as a result of the automobile collision, it cannot be said that the trial court abused its discretion in granting respondent's motion for a new trial limited to the issue of damages alone. (*Tice* v. *Kaiser Co., supra*; *Lopez* v. *Capiti, supra*.) ■ It was the duty of the trial court at the hearing of the motion for a new trial to weigh the evidence and to determine in its discretion whether the motion should be granted. (*Woods* v. *Walker*, 57 Cal. App.2d 968, 971 [136 P.2d 72].)

Order affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied May 10, 1954.