[Civ. No. 17457.   First Dist., Div. Two.   July 19, 1957.]

CAROLYN ROWE, Respondent, v. BURTON EDWARDS, Appellant.

Grunsky & Pybrum for Appellant.

Ware & Kutz for Respondent.

KAUFMAN, P. J.—Action for damages for personal injuries sustained by plaintiff by reason of the alleged negligence of defendants.

It appears that at about 5 o'clock in the afternoon of August 17, 1953, the defendant Burton Edwards, who had stopped his 1940 Chevrolet pickup truck on the inside northbound lane of United States Highway 101, with the intention of making a left turn, was hit from the rear by an automobile operated by one Robert T. Wilson, in which the plaintiff, Carolyn Rowe, was riding as a guest. This action for damages allegedly sustained by the plaintiff ensued. After a trial by jury a verdict in favor of both Edwards and Wilson was returned. Plaintiff then moved for a new trial against both defendants, on the grounds of insufficiency of the evidence. The trial court granted plaintiff's motion for a new trial as to Edwards, and denied the motion as to Wilson. The second trial by jury resulted in a verdict in favor of the defendant Edwards. Subsequently, the trial court again granted plaintiff's motion for a new trial upon the ground of insufficiency of the evidence to sustain the verdict. This appeal is taken from the order granting the second motion for a new trial by the defendant on the sole ground of lack of substantial evidence which would have supported a verdict in favor of the plaintiff and against the defendant.

The facts are not disputed. The accident occurred about two miles north of the city limits of Gilroy, California, in an unincorporated area on a clear day. United States Highway 101 runs in a north and south direction and consists of four 12-foot traffic lanes, two northbound and two southbound, divided by a raised black top divider about one foot wide, bounded on each side by double white lines. A 6-foot improved shoulder and an unimproved shoulder runs along the highway on each side. There was a break in the center dividing strip opposite Rucker Avenue, a two lane country road which enters United States Highway 101 on the east to form a T intersection which was the scene of the accident. There is an

arterial stop sign for traffic on Rucker Avenue entering 101, but no traffic control signal as to traffic using Highway 101. Defendant was en route to Coyote Lake, accompanied by his mother-in-law and father-in-law, who were riding with him in the cab of the truck, and his wife and son who were riding in the truck bed. Defendant was not sure of his route, although he knew he had to turn off Highway 101 to the east at some point north of Gilroy. Defendant's wife hammered on the cab of the truck and called his attention to the fact that he had missed the Coyote Lake cutoff. As the defendant approached Rucker Avenue, he crossed from the outer northbound lane to the inner northbound lane, and about 200 feet from the intersection slowed down after signaling, preparing to make a U-turn through the gap in the dividing strip opposite Rucker Avenue, to proceed south on Highway 101. At this time the traffic on the highway was heavy and was traveling at about 55 miles per hour. Two trucks and other vehicles going south were approaching the defendant from the opposite direction. The defendant saw several cars behind him, the nearest one about one-fourth of a mile away. At a point nine feet south of the end of the gap in the dividing strip after signaling, the defendant came to a complete stop and remained stopped for one-half minute or longer. Several cars traveling north in the outer lane passed the defendant as he remained stopped.

At the time of the accident, plaintiff was 17 years old and unmarried. On the afternoon of August 17, Robert Wilson, a casual acquaintance, was giving her a ride home from work. Before beginning the journey, Wilson had been drinking some beer, but he was not cited under Vehicle Code, section 502, although the highway patrol officer who subsequently investigated the accident testified that he did detect an odor of alcohol. The Wilson vehicle, a 1940 Plymouth, was traveling some distance behind the defendant's vehicle, at a speed of 45 to 50 miles an hour. Plaintiff testified that as she and Wilson were driving along they were talking and laughing and that he was teasing her about another fellow. She was sitting with her back to the door and was not paying any attention to Wilson's driving. Wilson told her they had missed the turnoff to her home, and as she turned around to look she saw the defendant's truck and realized they were going to crash and gave an outcry. Then Wilson applied the brakes and collided into the rear of the defendant's truck. Plaintiff further testified that until her exclamation Wilson

did not slow down or change his course. The point of impact was in the inner northbound lane, 26 feet south of the south end of the break in the dividing strip; the truck came to a rest at a point 40 feet northeast of the point of impact; the Plymouth came to a rest straddling the dividing strip about 15 feet north of the point of impact. Prior to the impact, the Plymouth left 30 feet of skid marks.

The only issue on appeal is whether there is substantial evidence of negligence on the part of the defendant to support a verdict for the plaintiff. The plaintiff contends that as a matter of law the defendant was negligent as he acted in violation of Vehicle Code, section 582, which is as follows:

"Upon any highway in unincorporated areas no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicle and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway. This section shall not apply upon a highway where the roadway is bounded by adjacent curbs.

"This section shall not apply to the driver of any vehicle which is disabled in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle on the main traveled portion of a highway."

Defendant contends that this section does not apply to a vehicle making a left turn at an intersection, which is governed by Vehicle Code, section 540, subdivision (b), and section 551, subdivision (a), which relate to the yielding of the right of way on making left turns, and section 525, subdivision (b), which permits left and U-turns on a divided highway through an opening in the barrier designed and intended by public authorities for the use of vehicles. Apart from the question of the violation of the statute, it is conceded that the defendant was not prohibited from making a U-turn as he intended, provided that to do so was not negligent under the circumstances and that he proceeded to do so with ordinary care and caution, with due regard for other vehicles dealing with the highway.

It must first be determined whether or not the T intersection of Rucker Avenue constitutes an "intersection" as

the term is defined in Vehicle Code, section 86, and used in Vehicle Code, sections 525 and 540. It has been held that a T intersection is within the meaning of Vehicle Code, section 86, (*Betschart* v. *Steel* (1943), 61 Cal.App.2d 517 [143 P.2d 81]) and that a crossing is not essential to an intersection. (*Ades* v. *Brush* (1944), 66 Cal.App.2d 436 [152 P.2d 519]; *Colbert* v. *Borland*, 147 Cal.App.2d 704 [306 P.2d 53].)

█ A violation of Vehicle Code, section 582, constitutes negligence by the operator of the vehicle. (*Inai* v. *Ede*, 42 Cal.App.2d 521 [109 P.2d 400]; *Thompson* v. *Stevenson*, 52 Cal.App.2d 250 [126 P.2d 127]; *Thomson* v. *Bayless*, 24 Cal.2d 543 [150 P.2d 413].) In the latter case the court said at pages 546 and 547:

"Although it may be inconsistent with general rules of statutory construction (see *Thompson* v. *San Francisco Gas etc. Co.*, 20 Cal.App. 142, 145 [128 P. 347]; 130 A.L.R. 440, 441, 475; cf. 23 Cal.Jur. 665-667; 21 Cal.Jur. 60), the courts in this state have uniformly held for the past 12 years that a prima facie case of negligence is established under section 582 by proof that the vehicle was left on the paved portion of the highway outside of a business or residential district and that the burden to show that it was not practicable to drive off the main traveled portion of the highway rests upon the operator of such vehicle. (See *Callison* v. *Dondero*, 51 Cal. App.2d 403, 408 [124 P.2d 852]; *Woods* v. *Walker*, 51 Cal. App.2d 307, 310 [124 P.2d 844]; *Hunton* v. *California Portland Cement Co.*, 50 Cal.App.2d 684, 695-696 [123 P.2d 947]; *Scoville* v. *Keglor*, 27 Cal.App.2d 17, 32-33 [80 P.2d 162]; *Breaux* v. *Soares*, 18 Cal.App.2d 489, 493-494 [64 P.2d 146]; *Casey* v. *Gritsch*, 1 Cal.App.2d 206, 211, 212 [36 P.2d 696]; *Smarda* v. *Fruit Growers' Supply Co.*, 1 Cal.App.2d 265, 272 [36 P.2d 701]; *Silvey* v. *Harm*, 120 Cal.App. 561, 576 [8 P.2d 570].)"

█ It is also clear that negligence is a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented. (*Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834].) Here, the jury could have found that the defendant was not stopped in violation of section 582 but that he had stopped in order to make a turn. We have found no case in which section 582 has been held to apply to a vehicle stopping to make a turn at an intersection. The cases under section 582 involve vehicles parked in the roadway for one purpose or another. (For example, in

*Thomson* v. *Bayless, supra,* the plaintiff had pulled off the highway to take a nap; in *Thompson* v. *Stevenson* (1942), 52 Cal.App.2d 250 [126 P.2d 127], the plaintiff had stopped in order to help one of her children find a sweater; in *Inai* v. *Eide, supra,* the vehicle was stopped for sightseeing; in *Wilson* v. *Foley,* 149 Cal.App.2d 726 [309 P.2d 97], the vehicle had run out of gas.) It does not appear to us that section 582 applies to situations like the instant one. It may, however, under some circumstances. Here, the issue was properly left to the jury. The jury could also have concluded from the evidence that even if the defendant did violate section 582, such violation did not proximately contribute to the cause of the accident. (*Ornales* v. *Wigger,* 35 Cal.2d 474 [218 P.2d 531].) ▮ The mere fact that the vehicle in which the plaintiff was a guest struck the vehicle ahead of him furnishes some evidence of negligence on the part of the other driver. (*Hardin* v. *Sutherland,* 106 Cal.App. 473 [289 P. 900].) As the prior jury exonerated Wilson, the jury could also have concluded that the accident was not due to the negligence of anyone. Respondent argues that apart from the issue of violation of section 582, the defendant was not acting in the manner of a reasonable, prudent man in attempting to make a turn under the circumstances. However, two different juries have apparently reached a contrary conclusion. Respondent relies on *De La Motte* v. *Rucker,* 55 Cal.App.2d 226 [130 P.2d 444]; however, in that case, the defendant made a turn without signaling or estimating the speed ahead of him. Here, there is evidence that the defendant gave appropriate signals, came to a stop slowly and was apparently watchful and cognizant of both vehicles, the vehicles to his rear and the vehicles approaching him.

▮ The granting of a new trial rests in the sound discretion of the trial judge, and such an order will not be reversed unless an abuse of discretion appears. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357 [170 P.2d 465]; *Davis* v. *Washburn,* 124 Cal.App.2d 667 [268 P.2d 1070].) We think that here the appellant has met the burden of showing an abuse of discretion. ▮ An order granting a new trial may be reversed when there is no substantial conflict on material issues and the evidence is insufficient to support a contrary verdict. (*de la Falaise* v. *Gaumont-British Picture Corp.,* 39 Cal.App.2d 461 [103 P.2d 447].)

▮ The record amply supports the jury's verdict and

it cannot be held as a matter of law that there is substantial evidence which would support a contrary conclusion.

Order granting new trial reversed with directions to enter judgment for defendant appellant.

Draper, J., concurred.

DOOLING, J.—I dissent. The new trial was granted on the ground of insufficiency of the evidence. This means that if a jury could reasonably find that appellant was guilty of negligence on the evidence presented the order granting the new trial must be affirmed. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].) Passing, without deciding, the question whether appellant's conduct was negligent as a matter of law under Vehicle Code, section 582, I cannot agree that it could not reasonably be found to be negligent as a matter of fact.

The majority opinion concedes (citing cases) that if appellant had stopped his car in the identical position to take a nap, to help a child find a sweater, or to look at the scenery he would have been guilty of negligence as a matter of law. The hazard to oncoming traffic was exactly the same in this case and yet the majority opinion concludes that the creation of the identical hazard could not even constitute negligence in fact because the purpose of stopping was to make a U-turn. I am satisfied that the evidence presented fact questions on negligence and proximate cause.

I would affirm the order.

Respondent's petition for a hearing by the Supreme Court was denied September 12, 1957. Carter, J., was of the opinion that the petition should be granted.