[Civ. No. 23737.   First Dist., Div. One.   May 24, 1968.]

LONNIE WILLIAM WORFORD, Plaintiff and Appellant, v. GEORGE TRUILLO JIMINEZ et al., Defendants and Respondents.

Mercant & O'Brien and Eugene M. Premo for Plaintiff and Appellant.

Grunsky & Pybrum and Donald L. Grunsky for Defendants and Respondents.

MOLINARI, P. J.—Plaintiff appeals from a judgment entered on a jury verdict in favor of defendants in an action for damages for personal injuries arising when plaintiff's truck, while making a left turn, was struck in the rear by a tractor and trailer driven by defendant Jiminez. Plaintiff's

sole contention is that the trial court erred in giving an instruction based on Vehicle Code section 22504[1] and given substantially in the language of that section as follows: "Upon any highway in unincorporated areas no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park, or leave the vehicle off such portion of the highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of the stopped vehicle shall be available from a distance of 200 feet in each direction upon the highway. . . ."

The court also instructed that violation of the foregoing statute raised a rebuttable presumption of negligence, and that contributory negligence of plaintiff would bar recovery unless the doctrine of last clear chance was applicable.[2]

The collision occurred at 7:30 a.m. on September 10, 1963 on Abbott Street, a two-lane road in Monterey County. It was daylight and the weather was clear and dry. Plaintiff, driving a pickup truck, was proceeding north on Abbott Street intending to turn left into a private road leading into the Firestone plant where he worked. Plaintiff's lane was only about 10 feet wide at the turning point, and because of the narrowness of the road and the fact that a truck was parked on the shoulder, there was no clearance for a vehicle to pass plaintiff's truck on the right. Plaintiff slowed down and then came to a complete stop prior to executing his turn. Defendant Jiminez, driving a combination vehicle with a load of sugar beets, came up behind plaintiff and, being unable to stop, rammed plaintiff from the rear. The impact propelled plaintiff's vehicle into an oncoming Army truck.

Jiminez testified that weeds and a curve in the road obstructed visibility for 100 feet south of the impact point and that he did not see plaintiff's vehicle until he was from 125 to 150 feet away from it. He couldn't swerve because a parked pickup truck was in the way. One witness testified that a left-turning vehicle at the impact point could be seen as

[1] Unless otherwise indicated, all statutory references are to the Vehicle Code.

[2] There is no indication that plaintiff objected to the instructions of which he now complains, nor do we have before us plaintiff's proposed instructions, if any. However, erroneous instructions can always be challenged on appeal since they are deemed by statute to have been excepted to. (Code Civ. Proc., § 647; *Rivera* v. *Parma*, 54 Cal.2d 313, 316 [5 Cal. Rptr. 665, 353 P.2d 273]; *Beck* v. *Kessler*, 235 Cal.App.2d 331, 334 [45 Cal.Rptr. 237].)

far away as the freeway underpass, which was 540 feet from the collision point.

There seem to be no cases in which section 22504 (or its predecessors, former §§ 136 and 582) was applied to a driver's stopping in order to make a left turn. On the other hand, no cases hold the statute expressly inapplicable to such a situation. In the case relied on by plaintiff, *Lundell* v. *Hackbarth,* 226 Cal.App.2d 609, 616 [38 Cal.Rptr. 137],[3] the defendant's vehicle struck the rear end of a vehicle whose driver had slowed and was preparing to make a left turn in an intersection. There was no evidence that the driver of the latter vehicle had deliberately stopped it on the highway or that he was starting to do so, but rather it appeared that he made a sudden involuntary stop prompted by a threatened imminent impact from the rear. The reviewing court held that under these facts, section 22504 was inapplicable so that the trial court did not err in refusing to give an instruction based thereon, and further held that the section has no application to a sudden involuntary stop prompted by a threatened imminent impact from the rear.

In *Rowe* v. *Edwards,* 152 Cal.App.2d 648, 653 [313 P.2d 82],[4] the facts concerned a vehicle that had stopped to turn left on a four-lane divided highway at a ''T'' intersection. The court stated that although former section 582 was inapplicable to these facts, the statute might be applicable under some circumstances to vehicles stopped to turn left, and in any event the issue was properly left to the jury. The dissenting opinion in that case pointed out that if the defendant had stopped in the identical position for any purpose other than turning (e.g., to take a nap, help a child find a sweater, or look at the scenery), he would have violated section 582 as a matter of law; therefore, it should be at least a question of fact whether he violated section 582 when his purpose for the stop was to turn left.

The implication of both *Lundell* and *Rowe* is that section 22504 may be applicable to a stop on the highway for the purpose of turning left; i.e., such a stop may be just as hazardous as a stop for any other reason and may therefore fall within the ban of the statute, whether or not the driver has complied with the statutory requirements for making a left turn. This interpretation seems also to be supported by *Getas*

---

[3]There was no application for a hearing by the Supreme Court.

[4]A petition for hearing by the Supreme Court was denied.

v. *Hook*, 236 Cal.App.2d 705, 717 [46 Cal.Rptr. 249], in which we held that it was a question of fact whether plaintiff properly stopped in the middle of the highway when another vehicle skidded in front of her, and by *Apodaca* v. *Haworth*, 206 Cal.App.2d 209 [23 Cal.Rptr. 461], in which an illegal parking instruction was held applicable to the driver of a truck that, after colliding with two cars in front of it, stopped in front of the plaintiff's car and later was driven to the side of the highway. Both *Getas* and *Apodaca* indicate that the statute is applied not only in the context of parking, as plaintiff claims, but to other deliberate stops on the highway in and out of traffic and for whatever reasons.

Defendant also relies on the legislative history of section 22504. The original enactment of the statute, former section 136, did not contain the word "stop," but only the words "park or leave standing."[5] The statute was thereafter amended to include the word "stop." (§ 582.)[6] Defendants argue that the addition of the word "stop" before the words "park or leave standing" is evidence that the section was intended to apply to all vehicles stopped on the highway, not just parked vehicles.[7] This argument seems reasonable and persuasive.

Plaintiff, however, argues that section 22504 is part of a series of statutes dealing with parking. This contention is erroneous, however, since chapter 9 of the Vehicle Code includes not only the statutes cited by plaintiff dealing with curb parking, state highway parking, and similar parking rules (§§ 22502, 22505, 22506-22509), but also encompasses statutes regulating stopping on the highway in general (§ 22500), stopping on the highway with a tow car to render assistance (§ 22513), and stopping on a freeway (§ 22520). Further, even the statutes cited by plaintiff appear to deal not merely with "parking" in the sense of vehicles left unat-

---

[5]Section 136, in pertinent part, provided as follows:

"No person shall park or leave standing any vehicle whether attended or unattended upon the paved or improved or main traveled portion of any public highway, . . . *provided,* in no event shall any person park or leave standing any vehicle whether attended or unattended upon any public highway . . . ." (Stats. 1923, ch. 266, p. 561.)

[6]As amended the statute provided as follows:

"Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway . . . ." (Stats. 1935, ch. 27, p. 190.)

[7]Defendants also argue, erroneously, that the words "attended or unattended" were added by the 1935 revision; in fact they existed in the 1923 statute as well.

tended by their owners, but with "stopping" in various portions of the roadway.

Plaintiff also argues that the statutes regulating left turns are more applicable to the instant situation and therefore exclude the application of section 22504. There seems no intrinsic reason, however, why it should not be possible for a driver to violate both the statutes regulating left turns (e.g., §§ 22107-22109) and section 22504. For example, a vehicular movement to the left might not meet the requirement of section 22107 that such movement be made with reasonable safety; the driver might not have given a proper signal as provided in sections 22108-22110; and his ultimate halt before turning might not meet the 200-foot visibility requirement of section 22504. Thus, his course of conduct leading up to a left turn might violate several sections of the Vehicle Code at once.

■ We are persuaded, in the light of the foregoing observations, that section 22504 must be reasonably interpreted to mean that a vehicle shall not be stopped on a highway in any unincorporated area where there is not an unobstructed width of the highway opposite the vehicle allowing the free passage of other vehicles, unless a clear view of the stopped vehicle is available from a distance of not less than 200 feet in each direction upon the highway. It seems clear to us that it was the legislative intent to prohibit the stopping of a vehicle on such a highway where the vehicle cannot be seen for a distance of 200 feet in the situation when there is no room on the highway opposite the standing vehicle permitting the free passage of other vehicles. The obvious purpose of the statute is to obviate a collision between the stopped vehicle and an approaching vehicle whose driver did not have a clear view of the stopped vehicle for at least 200 feet.

In the present case, the statute was applicable to the facts of the case and it was proper to instruct in its language. In view of the conflict in the testimony as to the distance of visibility the issue as to whether the statute was violated was properly left to the jury.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.